### THE PEOPLE *vs.* ALLEN, late sheriff of Ontario.

A statute, specifying a time within which a public officer is to perform an official act regarding the rights and duties of others, is *directory* merely, unless the nature of the act to be performed, or the phraseology of the statute is such, that the designation of time must be considered as a limitation of the power of the officer; and it was accordingly *held*, that a brigade order constituting a court martial, issued in *July*, when, by the militia law under which the proceeding was held, it was made the duty of the commandant of the brigade to issue such order on or before the first day of *June* in every year, was *valid*.

THIS was an action of assumpsit, tried at the Albany circuit in September, 1829. It was proved that the president of a brigade court martial, appointed for the year 1818, paid to a deputy of the defendant, then sheriff of the county of Ontario, $284, being the amount of *fines* imposed by the court martial, received by the president. It appeared that the court martial was appointed by a brigade order, issued in *July*, 1818. The militia law under which the order was issued, made it the duty of the commanding officer of the brigade to appoint a brigade court martial, *on* or *before* the first day of *June* in every year. *Laws of* 1818, *p.* 220, § 17. The defendant's counsel insisted that the order appointing the court martial having been issued *after* the day specified in the act, it was *void*, and the plaintiffs were not entitled to recover. The jury, however, under the direction of the judge, found a verdict for the plaintiffs, which was now moved to be set aside.

*D. Selden,* for the defendant.

*G. C. Bronson,* (attorney-general,) for the people.

*By the Court,* MARCY, J. The right of the plaintiffs to re-
cover depends upon the legality of the organization of the
court martial which imposed the fines paid over to the depu-
ty of the sheriff. It is provided by the act "to regulate the
militia," *Laws of* 1818, *p.* 220, § 17, that "the commanding
officer of each brigade of infantry shall, *on* or *before* the first
day of *June* in every year, appoint a brigade court martial,"
&c. The court martial which imposed the fines paid to the
deputy of the sheriff, was not appointed until *July.* Could
the power given to the commandant of brigade to appoint a
court martial be exercised *after* the first day of June? The
general rule is, that where a statute specifies the time within
which a public officer is to perform an official act regarding
the rights and duties of others, it will be considered as *direc-
tory* merely, unless the nature of the act to be performed, or
the language used by the legislature, shew that the designa-
tion of the time was intended as a limitation of the power of
the officer. The act regulating sales of real property on an
execution, makes it the duty of sheriffs to file a certificate of
sale in the clerk's office in ten days after the sale takes place,
yet this omission does not affect the validity of the sale. *Jack-
son, ex dem. Hooker,* v. *Young,* 5 *Cowen,* 269.

A case bearing more strongly upon the one under consid-
eration is found in 2 *Mass. R.* 230. The laws of that state
regulate the mode of raising money to build and repair dis-
trict school houses. Assessors are required to assess the tax
within thirty days after they are furnished with a certificate
of the vote of the district. In the case before that court, it
appeared that the assessment was made after the time within
which it is directed to be made, and the question was as to
the validity of the assessment. Parsons, Ch. J. remarked, that
although the assessors are directed to assess the tax within
30 days after the certificate, yet there are no negative words
restraining them from making the assessment afterwards.
"The naming of the time must therefore be considered as *di-*

*rectory* to the assessors, and not as a limitation of their authority." So it may be said of this case, that as there is nothing in the nature of the power showing that it might not be as effectually exercised after the first of June as before, and as the act giving it contains no prohibition to exercise it after that period, the naming that day was a mere direction to the officer in relation to the manner of executing his duty. There is nothing in the nature of the power given, or in the manner of giving it, that justifies the inference that the time was mentioned as a limitation. If the power could be exercised after the first of June, the court martial was legally instituted. The money received by the deputy belonged to the plaintiffs, and was paid to him pursuant to law; the defendant is therefore responsible for it.

Judgment for the plaintiffs.