## MORRISON *vs.* WITHAM.

By *stat.* of 1832, *ch.* 45, *sec.* 9, the Selectmen have power to *alter* the existing limits of companies of Infantry, *within their respective towns.*

A certificate of the appointment and qualification of the clerk *of a company of Infantry, was held to be a substantial compliance with the requisition of the statute, which was in these words : " *Aug.* 24, 1826. This may certify, that I " *have* appointed *Asa Witham* to be clerk in the North Company in *Madison,* " and the above named *Witham* personally appeared before me, and took the " oath to qualify him to discharge the duties of said office in the company under " my command, as the law directs.    J. S. Capt."

Where an offence is created and the penalty given in the same statute, it is sufficient in an action brought to recover the penalty, to allege the offence to have been committed against the form of the *statute ;* although there may be other statutes qualifying the method of proceeding upon the former.    *Aliter,* where the offence is created by one statute, and the penalty imposed by another.

ERROR, brought to reverse the judgment of a justice of the peace rendered in an action of debt brought to recover a penalty alleged to have been incurred for neglect of military duty.

The facts in the case touching the points raised, as certified up by the magistrate, were as follows: On the 13*th of May*, 1832, the Selectmen of the town of *Madison*, by virtue of the authority supposed to be vested in them by *stat.* of 1832, *ch.* 45, *sec.* 9, *altered* and newly assigned the limits of the several companies of Infantry in that town. By this alteration the plaintiff in error fell within the limits of a company other than that of which the defendant in error was clerk, and in which it appeared he did duty on the day when the penalty was alleged to have been incurred. The commanding officers of the companies were furnished *on the first day of June*, with copies of the doings of the Selectmen.

The clerk produced his warrant as sergeant, on the back of which was the following certificate: " *Aug.* 24, 1826. This " may certify that I have appointed *Asa Witham* to be clerk in " the North Company in *Madison*, and the above named *With-* " *am* personally appeared before me and took the oath to quali- " fy him to discharge the duties of said office in the company " under my command, as the law directs.

" *Jesse Savage*, Capt."

There was also endorsed, *Aug.* 5, 1831, the approval of the above appointment, by *Fletcher Thompson*, Capt.

On the foregoing the magistrate decided, 1. that the Selectmen had exceeded their authority in assigning *new* limits to the several companies, and that the plaintiff in error still continued to belong to *Thompson's* company, notwithstanding such proceedings of the Selectmen. And further, that said assignment was inoperative because copies thereof had not been furnished to the commanding officers of the companies *before* the first day of *June*.

2. That the evidence of the appointment and qualification of the clerk was sufficient.

3. That the declaration was good and sufficient though the offence was alleged to have been committed against the form of the " *statute*," only.

Morrison v. Witham.

All which was assigned for error.

*Kidder*, for the plaintiff in error.

*Haskell*, for the defendant.

PARRIS J. delivered the opinion of the Court.

We have decided in *Gould v. Hutchins, ante, p.* 145, that under the 9th section of the additional act of 1832, for organizing and governing the militia, *chap.* 45, the Selectmen had power to alter the existing limits of companies of Infantry, within their respective towns. The case before us shews, that the Selectmen of *Madison* duly exercised this power, on the 13th of *May*, 1832, by assigning new limits to the several companies in that town; and that the commanding officers of said companies were furnished with copies of the doings of the Selectmen, on the first day of *June*. Although the law requires that the copies shall be furnished before the first day of *June*, yet we think this is merely directory to the Selectmen, and that the validity of their act, assigning the limits, did not depend upon the time when they furnished the copies. If the copies had never been delivered to the commanding officers of the companies, they would not have been bound by the doings of the Selectmen, inasmuch as they would have been ignorant of the alteration in the bounds of their respective companies. But as this information, in a correct form, was furnished in ample season to enable them to correct their rolls and conform to the alteration, there seems to be no cause of complaint.

It has been decided in the Supreme Court of *New-York*, that a statute, specifying a time within which a public officer is to perform an official act regarding the rights and duties of others, is *directory* merely, unless the nature of the act to be performed, or the phraseology of the statute is such, that the designation of time must be considered as a limitation of the power of the officer. It was accordingly *held*, that a Brigade order constituting a court-martial, issued in *July*, when by the militia law under which the proceeding was held, it was made the duty of the commandant of the Brigade to issue such order

on or before the first day of *June* in every year, was valid. *The People v. Allen*, 6 *Wend.* 486.

Neither is there any appearance of inclination in *Morrison* to avoid the performance of military duty; for the record of the justice shews, that on the day when he is charged with neglecting to attend the inspection in *Thompson's* company, from which the Selectmen had detached him, he did *actually* attend and perform duty in *Snow's* company, where he had been enrolled in consequence of the doings of the Selectmen. We think the first error is well assigned.

The second error assigned is, because said *Witham* produced no legal evidence of his appointment to be clerk. The certificate on the back of his sergeant's warrant is in these words; " *Aug.* 24, 1826. This may certify that I have appointed *Asa* " *Witham* to be clerk," &c. — Although this is not in the exact phraseology required by the statute, yet we think it is a substantial compliance with its requirements. The case is very distinguishable from *Tripp v. Garey*, 7 *Greenl.* 266. In that case, there was no certificate of the Captain that he had appointed *Garey* as clerk. The only evidence of appointment was in the body of his sergeant's warrant, signed by the commanding officer of the regiment; and as that officer had no power to appoint a clerk, or certify his appointment, and as there was no certificate of appointment from the Captain or commanding officer of the company, the Court held the evidence insufficient. The only doubt that could arise, in the case before us, is as to the time of appointment. If the appointment was made before the granting of the warrant as sergeant, it would be void, as no person can be appointed clerk, unless at the time of his appointment, he be one of the sergeants. *Stat. chap.* 164, *sec.* 12; *Tripp v. Garey,* before cited. But we think the fair construction of the Captain's certificate is, that I have *this day* appointed, &c. It is certainly not a strict compliance with the letter of the statute; but that it is not within the spirit, we are not prepared to decide.

The last error assigned is, that the offence is alleged to have been committed against the form of the *statute,* whereas it ought to have been alleged against the form of the *statutes,* &c.

Where one statute creates the offence, and another gives the penalty, it seems to be settled, that an indictment must conclude against the form of the *statutes*. But if there be more than one statute concerning the same offence, and the first of them was never discontinued, and the latter only qualify the method of proceeding upon the former, without altering the substance of its purview, it seems agreed, that it is safe in an indictment on such statute to conclude against the form of the statute. 2 *Hawk. P. C. b.* 2, *ch.* 25, *sec.* 117; 3 *Bac. Abr. Indictment, H.* Where an offence is prohibited by several statutes, if only one is the foundation of the action, and the others are explanatory, it is sufficient to say, against the form of the *statute.* *Com. Dig. Action* upon *statute, H.; Yelv.* 116. In an action on a statute for a penalty, the fact must be alleged to be done against the form of the statute, the same as in indictments. *Lee v. Clark,* 2 *East,* 333.

There are a number of statutes additional to the act to organize, govern and discipline the militia of this State, but there is no one in force, except that passed *Feb.* 28, 1825, *chap.* 319, which renders it penal for neglecting to attend any company inspection and drill, or which gives the penalty for such neglect. The offence is created and the penalty given by that statute. By the first section thereof every non-commissioned officer and private, who neglects to attend a company inspection and drill forfeits the sum of four dollars.

As this is the only statute, which imposed the duty on *Morrison,* and prescribed the penalty for the neglect of that duty, it is the only one that would have been violated, if he had belonged to *Capt. Thompson's* company; and the offence is correctly charged as having been committed against the form of the *statute.* But, inasmuch, as he did not belong to that company, but to another, in which he actually performed the duty by law required, he incurred no penalty, and the judgment must be reversed.