By the Court, Beardsley, J.
The substance of the objection to the legality of the annual meeting of 1842 was, that notice had not been posted by the clerk of the district as the statute directs. (1 R. 3. 480, § 74.) The court of common pleas seems to have proceeded upon the ground that the adjournment of the annual meeting of 1841 to that of 1842 was a sufficient notice of the latter. But the power “ to adjourn from time to time, as occasion may require,” (1 R. 3. 478, § 61,) does not apply to such a case. Meetings are required to be held in each school district annually, and each annual meeting is to fix the time and place for holding the next. (Id. § 62.) An annual meeting, therefore, cannot be an adjourned meeting, within the meaning of the statute. The latter is one to be held between two annual meetings “ as occasion may require.”
It is declared by statute that “ the proceedings of. no district meeting, annual or special, shall be held illegal, for want of a due notice to all the persons qualified „to vote thereat, unless it shall appear that the omission to give such notice, was wilful and fraudulent.” (Id. § 63.) In the present instance, the clerk omitted to post notice, believing it to be unnecessary. It was not pretended in the court below that the omission was fraudulent, and no such question can be made here. The annual meeting of 1842 must therefore be taken to have been a legal assemblage; and as the defendants were duly chosen at that meeting, their defence is complete.
The result in this case would be the same if the statute had omitted to declare that the want of notice should not invalidate the proceedings of an annual meeting. The provision requiring the clerk to post notice of annual meetings, is merely directory to that officer. And “ there is a known distinction,” says Lord Mansfield, “between circumstances which are of the essence of a thing required to be done by an act of parliament, and clauses merely directory.” (Rex v. Loxdale, 1 Burr. 447.) An annual meeting is required to be held in each school district ; and at each annual meeting, the time and place of holding the next annual meeting is to be fixed. (§62.) For greater caution, and to give greater publicity to the meeting, the statute *648 directs the clerk to post notice of it; hut that is not essential to its validity. The time and place for holding it may always be ascertained by examining the clerk’s records; and an objection that notice was not duly posted- should never be allowed to prevail. The foundation of the meeting is the order of a previous annual meeting; not the posting of a notice by the clerk. The former is indispensable; but not the latter. (See The People v. Allen, 6 Wend. 486; The People v. Peck, 11 id. 604; Whiskard v. Wilder, 1 Burr. 330; Dwarris On Statutes, 713 to 716.)
The judgment of the common pleas must be affirmed.
Ordered accordingly.