The opinion of the court was delivered by
Carpester J.
I concur in the opinion pronounced by my brother JYevius, that the execution of a tax-warrant, delivered to a constable under the provisions of the act concerning taxes, is within the condition of his bond ; that it is one of the duties of a constable, mentioned iu the condition of his bond. The words of the condition are so broad, as fairly to embrace all the civil duties of a constable in bis township; at any rate in regard to the collection of moneys.
As to some of the objections urged against the plaintiffs’ assignment of breaches. The breach assigned in the replication is not for refusal or neglect to receive the warrant, or to collect the moneys due thereon from the delinquents therein named. The breach alleged is, that having received the warrant and having collected a large sum of money under and by virtue thereof, the constable lias neglected and refused to pay it over. Does it lie in the mouth of the constable, having so collected this money by virtue of this warrant, to say that the warrant is irregular, or has been irregularly issued, and that he ought not to be compelled to pay over the money ? Will such an answer from his sureties be satisfactory ? I apprehend not.
As to the supposed irregularity in regard to time, viz : that the list of delinquents was not returned to the justice by the collector on the 20th of December. In this matter I suppose the statute to be merely directory. It is a general rule, that *588 when a statute requires an act to be done by an officer within a certain time for a public purpose, though he neglect his duty and allow the precise time to go by, yet- if he afterwards perform, the public shall not suffer by the delay. People v. Allen, 6 Wend. 486. Ex parte Heath, 3 Hill 47. But in one respect, I apprehend, the replication is defective on general demurrer. The breach assigned must be some duty imposed on the constable by the statute. The duty is, that within a time specified he shall pay over the tax money collected by him to a particular officer of the township, to wit, the township collector ; the breach assigned is a refusal to pay it over to the inhabitants of the township generally. He was not required to pay it, as is supposed by this assignment of breaches, and the assignment is therefore defective. I regret to feel obliged to reverse the judgment on this point, especially as I have no reason to suppose injustice has been done. But I cannot doubt that'if this assignment had been before us on general demurrer, we should have held the assignment bad. The judgment therefore must be reversed.
Nevius J.
It is objected by the defendants in error, that the plaintiff is not entitled to his writ of error, inasmuch as by his confessing the damages, he has released or waived the errors, if any there are. This is not so. Error will lie from a judgment by confession or by default. Bac. Ab. Tit. Error A. So, a man may bring error upon a judgment in his own favor ; or where judgment has been arrested after verdict, the plaintiff may move the court for judgment against himself, in order that he may bring his writ of error.
The main question in the case is, whether the Circuit Court were right in over-ruling the demurrer. It is contended by the plaintiff in error, that the sureties upon a constable's bond are not responsible for his default in the execution of a tax warrant; that this is a special duty assigned him under the act concerning taxes, and not within the meaning or purview of the act which requires the bond to be given. By the 52d sec. of the small cause act, passed in 1798, Pat. 323, every constable was bound to give bond with sureties, if required to do so by the township committee, conditioned for the faithful performance of all the du *589 tics enjoined upon him by that act. Upon the revision of this act in 1818, the legislature saw proper to change this provision, and make the condition of the bond much broader. It declares, that every constable shall, before he enters upon the execution of his office, give a bond conditioned for the true and faithful performance of all the duties of the said office of constable; and prescribes the form and substance of the condition, to wit: “ that he shall truly and faithfully perform all the duties enjoined on him, as constable of said township.” It is manifest that the legislature intended this alteration, and not at all improbable that it was designed to meet the very case now before us. By the 17th sec. of the “ act concerning taxes,” Elm. Dig. 555 it is made the duty of the justice, to whom a list of delinquent tax-payers is returned by the collector, to deliver to the constable a warrant requiring him to levy the tax so in arrear; and by the same section it is made the duty of the constable to pay the tax for which such warrant is issued, to the township collector. This act further points out the mode in which the constable is to proceed in the execution of such warrant; and subjects him to a penalty for neglect or refusal to execute it as directed, and to an action for the amount collected and not paid over. Here then is a duty most clearly enjoined upon him by law, as a constable of the township, and a duty of that character which would seem to be appropriately secured by bond, and is clearly within the terms of the condition of his bond. I cannot doubt but his sureties are legally responsible, upon his bond, for his neglect to perform the duties enjoined upon him by the act concerning taxes.
But it is further argued, that there is no lawful breach assigned in the replication. That it should appear, that a proper return was made to the justice at a proper time; and that the justice proceeded according to law; that there was evidence before the justice, that the money had been demanded from the delinquents; that the warrant was issued within five days after the return made to him. That the replication ought also to have set forth what the constable was bound to do with the warrant, and that lie had refused to pay over the moneys so collected by him to the township collector. For the want of these averments it is insisted, that the Circuit Court ought to have sustained the demurrer. *590 And it is further objected, that the replication is defective, in that it sets forth that a “ certain return of the taxable inhabitants of the township, who had made default in the payment of their taxes, was made,” while it ought to have used the words of the act and stated, that a “ list of the names of delinquents ” was returned.
It must be borne in mind, that the demurrer filed in the court below was general; and whether these objections were urged, in the argument in the court below, does not appear. If they were, and if any one of them was good cause of general demurrer, I apprehend that that court would have permitted the plaintiffs upon terms to have amended their replication, and saved the parties the delay and expense of this writ. If they were not taken in that court, the plaintiff in error appears here with an ill grace to avail himself of them.
The distinction between a general and special demurrer is well settled; the former is to the substance, without assigning any particular cause; and the latter is to the form, where the particular imperfections are pointed out. Now I apprehend, that all the defects in this replication above mentioned, save one perhaps, are defects in the form, if they are defects at all. “ A. return of the taxable inhabitants, who had made default in the payment of their taxes,”, is sufficiently explicit, and indeed more so, than if the replication has used the words of the statute, to wit: “a list of the names of delinquents.” The language in its connection is of the same import, and I know of no rule, by which the party is limited to the language of the act. When the replication states, that this return was duly made to the justice, it is necessarily implied that it was made by the proper officer, and at the proper time, and according to the directions of the act. But if there was irregularity in the return made to the justice; or if not made within the time prescribed by law; or if the warrant was not issued within five days after the return made, the defendants could not set up such irregularities as a defence in this action; no more than a constable could avoid his liability for money collected on an execution, irregularly issued out of a justice’s court. The statute is merely directory as to the time and manner, in which the collector is to make the return, and the time within *591 which the justice is to issue his warrant. The averment that this warrant was delivered to the constable to be executed according to law, although not as full and precise as it might have been, is nevertheless sufficient, and especially on a general demurrer.
The last objection presents more difficulty, viz: the averment that the constable refused to pay the moneys so collected to the plaintiffs, although requested so to do. The statute makes it the duty of the constable to pay the moneys to the township collector, but this is for the use and benefit of the inhabitants of the township. The collector is for that purpose their agent, and a payment to him would have been a good discharge, and the defendants might have rejoined that such payment was made. The replication is good upon its face, and its defect in this particular can only be shown by resorting to a matter extrinsic, and therefore it ought to have been particularly pointed out by special demurrer.
Upon the whole, T think the judgment of the Circuit Court ought to be affirmed with costs.
Hornblower C. J. concurred with Justice Carpenter.
Judgment reversed.