## IN RE THE CENSUS SUPERINTENDENT.

A statute provided that " a census . . . shall be taken . . . on the first day of June," and that at least six months previous the governor shall appoint a *superintendent* of the census.

*Held*, that the power to appoint a superintendent was incident to the imperative duty of taking the census.

*Held*, further, that the governor, not having made an appointment within the prescribed time, could make it afterwards.

THE Public Statutes of Rhode Island, chapter 63, sections 1 and 3, provide: —

" SECT. 1.   A census of the population, manufactures, agriculture, fisheries, and business of the several towns shall be taken as they exist on the first day of June, one thousand eight hundred eighty-five, and every tenth year thereafter.

" SECT. 3.   At least six months previous to the date for taking

the census in each census year, the governor shall appoint a superintendent of the census, who, together with the governor and the secretary of state, shall constitute the census board, which shall have the charge of taking the census."

These statutory provisions being in force, the governor, acting under article X. section 3, of the Constitution, which provides that "the judges of the Supreme Court shall give their written opinion upon any question of law whenever requested by the governor," addressed the following communication to the justices of the court : —

"STATE OF RHODE ISLAND, EXECUTIVE DEPARTMENT,
PROVIDENCE, *April* 22, 1885. ·

*To the Honorable the Judges of the Supreme Court :*

I have the honor, under the provisions of article X. section 3, of the Constitution, to request your opinion on the following question of law : —

January 5, 1885, I appointed Amos Perry, of Providence, to be superintendent of the census, no appointment having been previously made. Was such appointment lawful ?

Very respectfully,

AUGUSTUS O. BOURN, *Governor.*

OPINION OF THE COURT.

*April* 24, 1885.

*To His Excellency Augustus O. Bourn, Governor of the State of Rhode Island and Providence Plantations :*

We have received from your Excellency a communication requesting our opinion upon a question stated as follows to wit : —

"January 5, 1885, I appointed Amos Perry, of Providence, to be superintendent of the census, no appointment having been previously made. Was such appointment lawful ? "

The statute, Pub. Stat. R. I. cap. 63, § 1, provides that "a census of the population, manufactures, agriculture, fisheries, and business of the several towns shall be taken as they exist on the first day of June, one thousand eight hundred eighty-five, and

every tenth year thereafter." It will be noted that the language is imperative, "the census shall be taken." The third section provides that, " at least six months previous to the date for taking the census in each census year, the governor shall appoint a superintendent of the census, who, together with the governor and the secretary of state, shall constitute the census board, which shall have the charge of taking the census." The language here is likewise imperative. ' Other sections, particularly section 4, prescribe duties to be performed by the superintendent which are indispensable to the proper taking of the census. The power to make the appointment is unquestionably given as incident to the duty which is imperative. The only question therefore is, whether the governor, having failed to make the appointment within the prescribed time, could lawfully make it afterwards. We think he could, for without the appointment the taking of the census, which is absolutely prescribed, would fail. We think the provision in regard to time must be construed as merely directory, the duty to appoint being paramount and essential. The case of *The People* v. *Allen*, 6 Wendell, 486, seems to be exactly in point. There a statute of the State of New York provided that " the commanding officer of each brigade of infantry shall, *on or before* the first day of *June* in every year, appoint a brigade court-martial." The officer did not appoint until *July*. The question for the court was, Could the power of appointment be exercised after the first day of June ? The court decided that it could. Judge Marcy, delivering the opinion of the court, said : " The general rule is, that where a statute specifies the time within which a public officer is to perform an official act regarding the rights and duties of others, it will be considered as *directory* merely, unless the nature of the act to be performed, or the language used by the legislature, show that the designation of the time was intended as a limitation of the power of the officer." We think that here, without doubt, the purpose was not to limit the power, but to insure its timely exercise.

THOMAS DURFEE,
CHARLES MATTESON,
JOHN H. STINESS,
P. E. TILLINGHAST,
GEORGE A. WILBUR.