## PEOPLE v. INGHAM.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1905.)

1. MUNICIPALITIES—CITIES—HEALTH OFFICERS—POWER TO APPOINT—STATUTO-
RY PROVISIONS—CONSTRUCTION.
  Public Health Law, as amended by Laws 1903, p. 877, c. 383, § 20, pro-
vides, "There shall continue to be local boards of health and health offi-
cers in the several cities," etc., "of the state," but contains no express
provision prescribing how or by whom such officers shall be appointed,
though previous to the amendment there was in the statute, and in sub-
stance in all the preceding statutes, a provision that "the board shall

appoint a competent physician  *  *  *  to be health officer of the city."
Charter of City of Little Falls provides that the health officer shall be
appointed "pursuant to general laws." Laws 1904, p. 1234, c. 484 (becom-
ing a law April 28, 1904), amended said section 20 by empowering the
city and others similarly situated to appoint a health officer. *Held* that,
construing said section 20, as amended by said Laws of 1903, p. 877, c.
383, and the other preceding and following acts, and also the language
of the charter, the city had power on February 9, 1904, to appoint a health
officer to succeed a retiring officer whose term expired on the last day
of that month.

2. SAME—ELIGIBILITY OF APPOINTEE—CIVIL SERVICE LAW—NONCOMPETITIVE
    CLASS.
       Under the civil service law an appointment in the noncompetitive class,
    of one named by the appointing power to the civil service board as the
    person whose appointment is desired, made before certification by the
    board as to his qualification and fitness, is void.
       Williams, J., dissenting.

Appeal from Equity Term, Herkimer County.

Action in the nature of quo warranto by the people against
Stephen A. Ingham. From a judgment ousting him from the office
of health officer of the city of Little Falls, defendant appeals. Af-
firmed.

The action is in the nature of quo warranto to try the title of the defendant
to the office of health officer of the city of Little Falls. It was commenced
in October, 1904. The grounds upon which the removal of .the defendant
was sought and upon which the judgment of ouster was based were, first,
that at the time of the defendant's appointment there was no statute or law
authorizing such appointment; and, second, that at the time the defendant
was not eligible, and therefore his appointment was made in violation of the
provisions of the civil service law, and was void.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
HISCOCK, and STOVER, JJ.

M. G. Bronner, for appellant.
Julius M. Mayer, Atty. Gen. (Eugene E. Sheldon, of counsel),
for the People.

McLENNAN, P. J. The facts are not in dispute, and only ques-
tions of law are involved upon this appeal. One Augustus B.
Santry had been for several years health officer of the city of Little
Falls, having been appointed annually by the board of health of
said city. The term for which he was last appointed expired on
the last day of February, 1904, but it is claimed that under the
provisions of the public officers law he was entitled, unless re-
moved, to hold the office until his successor was legally appointed.
On the 9th day of February, 1904, while said Santry was dis-
charging the duties of health officer under his last appointment,
the board of health of the city of Little Falls, consisting of six mem-
bers besides the mayor, convened as such, and, all members being
present, by a majority vote assumed to appoint the defendant
health officer of said city to succeed said Santry, his term to com-
mence on the 1st day of March, 1904, the date when the term for
which said Santry was appointed expired. The defendant took and
filed the official oath of office on the 1st day of March, 1904, imme-

diately took possession of the office, assumed to discharge its du-
ties, and was acting as health officer of the city when this action
was commenced and at the time of the trial. It is conceded that
by the civil service rules applicable the position of health officer
was in the noncompetitive class. The defendant had not, prior to
his appointment, taken a civil service examination, and had not
received any certificate of qualification and fitness as required by
the civil service law. He, however, after his alleged appointment
by the board of health as aforesaid, and about the last day of Feb-
ruary, 1904, and before his term of office commenced, did take a
noncompetitive examination pursuant to a notice directed by the
mayor to the chairman of the civil service commission of the city
of Little Falls, which notice is as follows:

"It is necessary that Dr. S. A. Ingham [the defendant] and I think Dr.
George H. Smith should take a noncompetitive examination before March 1st.
Please attend to this matter.

"Yours sincerely,                    Edward H. Douglas, Mayor."

In compliance with such request of the mayor, the defendant was
given an examination with others, and he (the defendant) passed
the same, and received a certificate to the effect that he was in all
respects qualified for the position or employment of health officer
of the city of Little Falls. Such notice was dated on the 29th day
of February, 1904, and before the commencement of his term of
office. After such examination and certification by the civil service
commission of the city of Little Falls, no other or new appointment
of the defendant was made. As we have seen, it is urged, first,
that the board of health of the city of Little Falls, under the law
as it then was, had no authority to appoint the defendant, or any
other person, health officer of said city, and the learned trial court
so determined. This holding, we think, was erroneous. Its cor-
rectness must be determined by the meaning and interpretation
which should be given to section 20 of the public health law, as
amended by chapter 383, p. 877, of the Laws of 1903, and which was
in force at the times in question. That section provides at the very
outset as follows: "There shall continue to be local boards of health
and health officers in the several cities, villages and towns of the
state." In the section there is no express provision which pre-
scribes how such officers shall be appointed, or by whom. By the
charter of the city of Little Falls and of several other of the cities
of the state it is provided that their respective health officers shall
be appointed "pursuant to general laws"; and it is therefore urged
that, as section 20, referred to, does not contain any provision for
the appointment of such officers, the authorities of such cities are
powerless to appoint the same. Previous to the amendment of
1903 there was such express provision in the statute, and was, in
substance, in all of the preceding statutes, as follows: "The board
shall appoint a competent physician, not one of its members, to be
health officer of the city." In the year following, by chapter 484,
p. 1234, of the Laws of 1904, the Legislature again amended sec-
tion 20 of the public health law by providing that the city of Little
Falls and cities similarly situated should have the power to appoint
a health officer. Construing the language of section 20 of the pub-

lic health law, as amended by chapter 383, p. 877, of the Laws of 1903, and the other acts of the Legislature preceding and following it, and also the language of the charter of the city of Little Falls, we think it should not be held that it and other cities throughout the state similarly situated did not possess the power at the times in question to appoint a health officer. The duties of such officer are important, possibly essential to the preservation of the health of the municipality, and it should not be held that the municipalities of the state had not the power to appoint such an official, except the language employed by the Legislature clearly indicates such an intent on its part. As we have seen, section 20, as amended in 1903, under which this controversy arises, provides that the health officers shall continue; and we think, notwithstanding there is no express provision to that effect, that it was clearly the intention of the Legislature that such officers should be appointed by the boards of health of such cities. In fact, it is apparent from the preceding statute and the amendment which follows it that it was an oversight on the part of the Legislature in omitting to confer the express power of appointment upon such board. At all events, we conclude that the board of health of the city of Little Falls did have power under the statutes and law as it existed on the 9th day of February, 1904, to appoint a health officer to succeed Mr. Santry, whose term of office expired on the last day of that month.

We, however, are of the opinion that the defendant was not eligible for the office of health officer when appointed, and for that reason he was properly ousted from office, and the judgment appealed from should be affirmed. The several provisions of the civil service law clearly indicate that it was the intention of the Legislature that all persons seeking employment in the civil service, and who came within the provisions of the civil service law, should be declared to be eligible by certificate of the officers or boards created by such law. It was not the intention of the Legislature that an appointment could be made subject to the approval of such officers or boards. In the noncompetitive class the appointing power may name or indicate to the civil service board the person whose appointment is desired, and, if the board finds that such person is qualified and fitted for such position, and so certifies, such appointment may then be made, and not until then. It would bring the administration of the civil service law into disrepute if an appointment to office covered by it could be legally made, subject only to the approval of the officers charged with the execution of such law. We think such was not the intention of the statute.

We conclude that the defendant was not, at the time when the board of health of the city of Little Falls assumed to appoint him health officer of said city, eligible to appointment to such office, because at the time he had not passed the civil service examination and been certified as qualified and fitted for the position, and that therefore the judgment ousting him from office was properly rendered against him.

It follows that the judgment appealed from should be affirmed, with costs. All concur, except WILLIAMS, J., who dissents.

Judgment affirmed, with costs.