(58 Misc. Rep. 243.)

SMITH v. BOGASKIE.

(Supreme Court, Special Term, Fulton County. February 22, 1908.)

1. OFFICERS—POSSESSION OF OFFICE—PROCEEDING FOR RECOVERY OF BOOKS.
An application under Code Civ. Proc. § 2471a, for an order requiring one to deliver to the applicant the books of a public office, must show a prima facie right to the office in the applicant.

2. SAME.
The court, on an application under Code Civ. Proc. § 2471a, for an order requiring one to deliver to the applicant the books of a public office, will go into the proceedings involving applicant's right to the office sufficiently to determine whether or not he has a right to the immediate possession of the books.

3. MUNICIPAL CORPORATIONS—OFFICERS— APPOINTMENT — TIME OF APPOINTMENT.
Johnstown City Charter, § 11, providing that appointments made by the common council and board of water commissioners acting jointly shall be made at a joint session "to be held on the first day of January in the official year for which appointments are to be made, or, in case such day falls on Sunday, on the next day thereafter," does not limit the power of appointment to the time fixed, and the power to appoint, which is the paramount object of the provision, may be exercised at a subsequent time.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 306.]

4. SAME—QUORUM.
Under Johnstown City Charter, § 11, providing that appointments made by the council and board of water commissioners acting jointly shall be made at a joint session of the bodies, an appointment made by a majority of all the persons present at a joint session is valid, though a majority of the board of water commissioners refused to vote or withdrew from the session.

5. SAME—NOTICE OF MEETINGS.
Where the members of a city council and the board of water commissioners empowered by the charter to act jointly were present, there was no necessity of notice to the councilmen and board for a joint session.

6. SAME—OFFICERS—VACANCIES.
Where the time of a person's appointment as city clerk of a city had expired, and he held over as authorized by its charter, a vacancy in the office existed, and the power to appoint a successor might be exercised.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 305.]

7. SAME—CERTIFICATE OF APPOINTMENT.
Under Johnstown City Charter, par. 17, providing that all appointments made by the council and board of water commissioners acting jointly shall be evidenced by a certificate signed by the officer presiding and attested by the city clerk, one applying for an order for the delivery of the books of the office of city clerk by virtue of his appointment by the council and board must present a certificate attested by the city clerk, and the court cannot act on the presumption that the adverse party will not perform his duty and attest such certificate.

Proceedings by Tracy C. Smith to require Frank Bogaskie to show cause why he should not turn over the books of a public office. Denied.

Fred Linus Carroll, for Frank Bogaskie.

D. C. Moore, for Tracy C. Smith.

VAN KIRK, J. This is an application under paragraph 2471a of the Code of Civil Procedure for an order requiring Frank Bogaskie to deliver to Tracy C. Smith, who claims to be the city clerk of the city of Johnstown, N. Y., all the books, etc., belonging to the city clerk. Mr. Bogaskie also claims to be the city clerk; his position being that he was the duly chosen clerk last year, and, no successor having been chosen, he is entitled to and does hold over. In order to succeed upon this application, Mr. Smith must show a prima facie right to the office. People v. McGraw, 66 App. Div. 375, 72 N. Y. Supp. 679; Matter of Brenner, 170 N. Y. 185, 63 N. E. 133; Matter of Brearton, 44 Misc. Rep. 247, 89 N. Y. Supp. 893. This is not a proceeding to test the title to the office, but to require a surrender of books, etc., belonging to the office by one who obstinately and without color of title retains possession of those books, etc. The court will therefore go into the proceedings sufficiently to determine whether or not the applicant has a right to the immediate possession of the books.

The matters leading up to the applicant's alleged title to the office of city clerk of the city of Johnstown are as follows: On January 1, 1908, the common council and the board of water commissioners of the city of Johnstown met in joint session to choose a city clerk under section 11 of the city charter, which provides that:

"Appointments made by the common council and board of water commissioners acting jointly shall be made at a joint session of such bodies,' to be held on the 1st day of January in the official year for which appointments are to be made; or, in case such day falls on Sunday, on the next day thereafter."

The appointment of city clerk is one of the appointments to be made by such joint session. The office of city clerk is one within the civil service. On January 1, 1908, when the joint session met, there was no eligible list, but proceedings were had tending to the appointment of Tracy C. Smith. Mr. Smith, however, at that time had never taken or passed a civil service examination, and for that reason it is conceded by the applicant that the temporary appointment then sought to be made was illegal. Rule 23 of the Rules and Regulations of the Municipal Civil Service Commission of the City of Johnstown; People v. Ingham, 107 App. Div. 41, 94 N. Y. Supp. 733; Id., 183 N. Y. 547, 76 N. E. 1102. No appointment having been made January 1, 1908, under section 13 of the city charter, Bogaskie holds over until his successor is chosen and has qualified, and he is now the city clerk, unless his successor has been chosen and has qualified. On January 15, 1908, the joint session again met, and Mr. Smith claims that he was regularly chosen at that time. Mr. Smith has taken and has filed the oath of office and has given the required undertaking, subsequent to the meeting of January 15th.

·A number of objections are presented to this application.

It is objected that the joint session of the common council and the board of water commissioners, which consist of 15 members, could not make an appointment of a city clerk excepting upon the 1st day of January, 1908, as provided by paragraph 11 of the city charter. Had Mr. Smith passed an examination, his appointment of January 1st would have been valid as a temporary appointment, and, after the regular examination, the joint session could undoubtedly have made a valid appointment of a city clerk for the year. I do not think this power of appointment is limited to January 1st of each year. The language of the charter does not show an intent to so limit it. On the other hand, provision is made by which it appears that appointments must be made on other days. The power to appoint is the paramount object of this provision of the charter; and, unless the language shows plainly the intent that the naming of a time for the joint session to meet is a limitation upon its right to appoint, such naming of a time does not deprive the joint session of the right to appoint on a later day. People v. Board of Police, 46 Hun, 302; Matter of Clark, 168 N. Y. 427, 61 N. E. 769; People v. Wheeler, 18 Hun, 540; People v. Allen, 6 Wend. 486; People v. Rathbone, 145 N. Y. 434, 40 N. E. 395, 28 L. R. A. 384; People v. Mosher, 163 N. Y. 32, 57 N. E. 88, 79 Am. St. Rep. 552.

It is objected again that there was no quorum of the board of water commissioners at the time that Mr. Smith was appointed upon the 15th day of January, 1908. The position taken is that, in order that a quorum be present, it is necessary that a quorum of each of the bodies, viz., the common council and the board of water commissioners, must have been present. It does appear that all of the members of each body were present at the session of January 15th. At the time the vote was taken to appoint Mr. Smith city clerk a majority of the board of water commissioners had left the room or were in the act of leaving. The joint session having assembled on January 15th, though not for the purpose of appointing a city clerk, but for other business, and while in session it having been agreed by a majority of all present to proceed to appoint a city clerk, and the appointment having been made by a majority of all present, although a majority of the board of water commissioners refused to vote or had withdrawn the appointment made by the majority of the joint session is valid. Whiteside v. People, 26 Wend. 634; Gildersleeve v. Board of Education, 17 Abb. Prac. 201; Commonwealth v. Chittenden, 13 Pa. Co. Ct. R. 362; Id., 2 Pa. Dist. R. 804; Beck v. Hanscom, 29 N. H. (9 Fost.) 213; Kimball v. Marshall, 44 N. H. 465. The will of the majority was expressed at a· joint session at which all members of both bodies were present and knew of the proposed appointment of the city clerk. There is here then no question of notice. The presence of all avoided the necessity of notice, which is for the purpose of giv-, ing all those entitled to be present an opportunity to be present to be heard and act. All being present, the act of the quorum was therefore the act of the body. Matter of Brearton, 44 Misc. Rep. 250, 89

N. Y. Supp. 893; 23 Amer. & Eng. Enc. of Law, pp. 591, 592; People v. Batchelor, 22 N. Y. 128, 147.

The objection that no vacancy existed in the office of city clerk I do not think is tenable. The time of Mr. Bogaskie's appointment had expired. He was holding over. There was a vacancy for the purpose of appointing his successor on the 15th day of January, if the power of appointment then existed.

But an objection is made which seems to me to be fatal to this application. The charter (paragraph 17) provides that all appointments made by the common council and board of water commissioners acting jointly shall be evidenced by a certificate in writing, signed by the officer presiding and attested by the city clerk. No such certificate is presented by the applicant, nor does it appear that any effort was ever made to procure such certificate to be attested by the city clerk. In the Matter of Brearton, 44 Misc. Rep. 252, 89 N. Y. Supp. 893, Judge Herrick says:

"Ordinarily appointments or election to office are evidenced by certificates of appointment or certificates of election issued by the official making the appointment or by the official charged with verifying or conducting the election; so that, where it appears in a proceeding of this kind that a person claiming office has received a certificate of election or appointment from the proper person or persons, it is held that he has a prima facie title to the office and is entitled to an order for the possession of the books and papers pertaining to that office."

Judge Herrick then discusses the certificate of appointment, and says that he has not been referred to any provision of law "that requires the issuing of any certificate of election of the clerk of the common council." In this case, however, the charter specifically requires that there should be a certificate of appointment, and by whom it should be signed and attested. Mr. Bogaskie was undisputedly the city clerk on January 15th and until his successor was chosen and qualified. He alone must attest the certificate, or at least a demand must have been made upon him to attest it, before this provision of the charter had been complied with, and before the court can come to a decision on behalf of the applicant in this proceeding. It does not seem to me sufficient to say that, Mr. Bogaskie being the adverse claimant, it is to be assumed that he would refuse to attest the certificate. He would be called upon to attest the signature of the presiding officer, not that the statements in the certificate are correct. If the certificate was presented to him, it would be his duty to attest the certificate. It could not be presumed, no demand having been made upon him, that he would refuse. While it would be absurd to hold that a man could not be awarded the books of the office because the adverse claimant refused to attest his certificate, it does not seem to me that this provision of the charter can be disregarded upon the assumption that the adverse claimant would not perform his duty.

It is claimed that on the 15th day of January, 1908, the common council and board of water commissioners met in joint session, and there chose Tracy C. Smith to be the city clerk. A copy of the minutes of that meeting, signed "C. A. King, presiding officer," "Max M.

Wilms, acting clerk," and certified to be the correct and true minutes of the proceedings of the joint session of the common council and board of water commissioners of the city of Johnstown, N. Y., held for the purpose of acting upon the appointment of a city clerk, and that Cornelius A. King, president of the board of water commissioners, acted as presiding officer, and Max M. Wilms, alderman at large, acted as clerk, is presented. The certificate is signed C. A. King, presiding officer, Max M. Wilms, acting clerk, and by Crounse, Ruller, Chester, Cole, Peters, and Somers, aldermen. Such a copy of the minutes of the meeting cannot be the certificate required, else the charter would have so directed. The certificate is intended to be a statement of the result of the meeting in the choice of the city clerk. The proceeding is not for the purpose of trying the title to the office, but to require the books, etc., belonging to the office, to be delivered to the man who has the right to them. And that right, in compliance with the charter, is to be made evident by the certificate of appointment. This copy of the minutes is not attested by the city clerk, nor does it appear that any demand has been made upon him that he so attest it.

Until such certificate is presented to the court, or until the court is informed that the city clerk has refused to so attest it, the application cannot be granted.