### JACKSON, *ex dem.* HOOKER, *against* YOUNG.

EJECTMENT, tried before THROOP, C. Judge, December 13th, 1824, at the Oswego circuit.

The lessor of the plaintiff claimed title to the premises in question, as the assignee of the purchaser, at a sheriff's sale of those premises; and gave in evidence, the sheriff's deed, reciting the sale in December, 1822, at public vendue, to J. H.; and a sealed assignment of his right to receive a deed, to the lessor of the plaintiff. The original assignment from J. H. to the lessor of the plaintiff, was also given in evidence.

The sheriff's omission to file the certificate of sale according to the statute, (sess. 43, ch. 184, s. 1,) will not prejudice the purchaser. This act is not a condition precedent; but the statute is merely directory.

The defendant's counsel moved for a nonsuit, on the ground that it did not appear that a certificate of the sale had been. filed in the clerk's office, pursuant to the stat ute, (sess. 43, ch. 184, sect. 1.) This motion being de nied, the defendant then offered to prove that no such certificate had been filed in the clerk's office. This tes timony was excluded by the Judge; and a verdict was then taken for the plaintiff, subject to the opinion of this court.

*Talcott*, (Attorney General) for the plaintiff, cited *Young* v. *Taylor*, (2 Bin. 227;) *Jackson* v. *Rosevelt*, (13 John. 97;) *Jackson* v. *Vanderheyden*, (17 id. 167.)

*B. F. Butler*, contra, said the object of the statute in requiring the certificate to be filed, was, to give the debtor and his creditors such information as might be ne cessary, to guide them in redeeming the land sold. This important object would be defeated, unless the sheriff is holden to great strictness in filing the certifi cate. But

*The Court*, without hearing Talcott, in reply, were clear that the statute was merely directory; that the fi ling of a certificate was not a condition precedent to the giving of the deed, and passing the title; and that the sheriff's omission should not prejudice the purchaser.

Judgment for the plaintiff.