People ex rel. Cahoon and Kelsey, agt. Dodge.

## SUPREME COURT.

PEOPLE ex rel. CAHOON & KELSEY, agt. EDWIN DODGE, County Judge of the County of St. Lawrence.

Where a cause which had been taken up by appeal from a Justices' Court to the County Court before the Code, was tried after the Code by the county judge, without a jury, by consent of the parties; who made his decision therein, but was accidentally prevented from filing it until after the expiration of twenty days; *it was held* that he had power to do so after that period; and that, as filing the decision (or depositing it with the clerk) after it was completed, was a mere ministerial act; a mandamus would issue to compel him to do so.

The statute prescribing the time for making and filing a decision on a trial of an issue of fact by the court is directory.

*St. Lawrence Special Term, Feb.* 1850.    C. G. MYERS moved for an alternative mandamus to compel the county judge to file his decision in the case of Cahoon & Kelsey v. Northam.    It appeared by the moving affidavits that the cause came to the County Court by appeal from a justice's judgment, and by consent of parties, was tried by the judge of that court without a jury.    The appeal was brought in 1847.    The affidavit also stated, upon information and belief, that the judge had decided the case.

Myers said that he understood Judge Dodge had made his decision in writing, but was accidentally prevented from filing it until twenty days after the term of the court at which the cause was tried, and had doubts as to his power to file it after that period.

B. PERKINS submitted that the county judge had no jurisdiction of the matter, or power to make and file his decision after the twenty days had expired (*Code,* § 267).    That even if a justice of the Supreme Court could do so, the County Court was now one of special and limited jurisdiction, and that the practice prescribed by the statute must be followed to give and retain jurisdiction.    He also submitted that a mandamus would not lie to compel a judge to act in such cases.

People ex rel. Cahoon and Kelsey, agt. Dodge.

HAND, Justice.—A mandamus is the proper remedy to compel inferior tribunals to act, though not to direct them how to act where they have discretion (Judges of Oneida Com. Pleas vs. The People, 18 *Wend.*, 92).

Where a question of fact is tried by the court, " its decision shall be given in writing, and filed with the clerk, within twenty days after the court at which the trial took place" (*Code*, § 267). In cases tried at the circuit, clearly this is only directory. It would be intolerable if the cause had to be retried, because the judge, perhaps from sickness or pressure of business, or other cause, had not filed the decision within twenty days. But it is said that in cases in the County Court a different rule applies. That it is like the case of a justice of the peace taking time to give judgment after the case has been submitted to him for that purpose.

It is true, that by the late revision of the constitution, the Courts of Common Pleas were abolished, and the present County Court is in no sense a continuation of that court; the new court, by the terms of the constitution retains none of the powers of the old court, except jurisdiction in cases arising in justices' courts (*Const. VI*, 14); and that was conferred on the old court by statute, and was not common law jurisdiction. But the judiciary act gave to the new court all the powers and jurisdiction of the old Court of Common Pleas, as fully and amply as could be done, consistently with the provisions of the constitution and of that act (*Laws of* 1847, *chap.* 180, § 36). Indeed, it was the aim of that act, to transfer all the powers and duties of the old Court for the Correction of Errors, to the Court of Appeals; of the old Court of Chancery and of the Supreme Court, to the new Supreme Court; and to give to the County Courts the same general powers in all cases where they had jurisdiction of the subject matter as had been before possessed by the Courts of Common Pleas (§§ 8, 16, 36). The County Court has not the same general jurisdiction as was possessed by the Court of Common Pleas, for the constitution has limited it; but the judiciary act, as we have seen, where it has jurisdiction, has given to it, particularly in all

People ex rel. Cahoon and Kelsey agt. Dodge.

matters of practice, the same broad discretion before possessed by that court. Every lawyer knows what were the almost unlimited powers of that court in mere civil actions, both in this country and in England (2 *R. S.* 208; *Colonial Laws of N. Y.* 2 *R. L. App. No.* 5; *2 Paine & Duer's Pr.* 718; *Preface to* 8 *Coke Rep.* 17 *Wend.* 484).

I am not prepared to say, that, without the judiciary act, these county courts would be considered on a footing with the justices' courts on jurisdictional questions, particularly in cases arising in the latter courts, as jurisdiction is expressly conferred by the constitution in such cases. And certainly the judiciary act puts them on very different ground. In this view, I am clear, that Judge Dodge did not lose authority to file or even make his decision by the delay in this case. I had some doubt whether a mandamus could go, as he might still have the matter under advisement; in which case there should be no interference. But as it is stated that a decision has been made, and is not filed merely because of his doubts of the power now to do so, and this is rather to obtain the opinion of the court, an alternative mandamus may be issued. If the decision has been made, filing it is a mere ministerial act.

The cause has been argued without reference to the effect of §267 upon suits in which there had been an appeal before the Code (§§461, 469, 29, 30, 31, 32, *chap.* 5, *of tit.* 11, *and* § 2 *of the supplementary act*). I shall therefore not examine that question now. If § 267 does not apply, of course there is no limitation as to time. Motion granted.