## SUPREME COURT.

ROBERT S. GALLT agt. CHARLOTTE E. FINCH and HOTCHKISS S. FINCH.

An *order* made out of court, upon notice, must be first *entered with the clerk* before an *appeal* can be taken. (*Code,* § 350.)

And when an order is required to be entered with the clerk, and a party is required to give notice of the order, he *cannot give the notice until he has entered the order.*

Therefore, as regards all orders granted on notice, which are required to be entered with the clerk, the party has no right to give the written notice allowed by § 332 of the Code, until *after the order has been entered.*

Where the order was entered May 27th, and the notice of appeal was served on the 27th June, *held,* that the service of the notice of appeal was *in time.*

Rule 42 does not require the party *demurring to serve on the opposite party* any copy of the pleadings or other papers when the question to be decided arises on demurrer.

It is, to say the least, questionable whether *any court can extend the time to appeal.*

*General Term, July,* 1862, *6th District.*

*Present,* BALCOM, CAMPBELL, PARKER and MASON, *Justices.*

THE facts will appear in the opinion of the court.

By the court, MASON, Justice. This case comes before us on a motion to strike the case from the calendar: First, upon the ground that no appeal in said action has been brought or is pending; secondly, that no papers upon the appeal have been served or furnished the attorney for the defendants; and thirdly, that the court will be then and there moved for such other or further order in the premises as may be just. This is an appeal from an order made by Justice BALCOM, at chambers, on the 13th day of May last, on defendants' motion striking out the plaintiff's demurrer to the defendants' action as frivolous. Mr. McDowell swears that Justice BALCOM made his decision on the 13th of May, and that on the same day he served a copy of the said decision, by delivering him personally a copy of said decision. It appears that this decision was not filed with

the clerk nor any order entered until May 27th, and that the plaintiff never served any copy of the order entered, nor any notice of the entry of any order, and no paper in regard thereto, excepting the copy of the decision on the day it was made and before it was filed, or any order entered thereon. It appears also that the notice of appeal was not served on the clerk until June 27th, and °that, although the plaintiff's attorney noticed this appeal for argument, he did not serve any copy of the papers on the defendants' attorneys. As I understand the practice, an order made out of court, upon notice, must be first entered with the clerk before an appeal can be taken. This is expressly required by section .350 of the Code. (2 *Whittaker's Practice*, 208; 3 *How. Rep.*, 276; 1 *C. R.*, 42, 119.) The question arises, then, was the notice of appeal in this case served in time ? The 332d section of the Code declares that " the appeal allowed by the 4th chapter of this title must be taken within thirty days after written notice of the judgment or order shall have been given to the party appealing." (*Code*, § 332.) The only reasonable construction which can be put upon this section as prescribing a rule of practice on appeal is, that this notice must be of the order as entered with the clerk. I do not understand that the decision of the judge is the order. However this may be, I take it to be very clear when an order is required to be entered with the clerk, and a party is required to give notice of the order, he cannot give the notice until he has entered the order. This was the settled practice under our former system, and is the only proper practice under the present. I must confess that I never heard, before it was claimed in this case, that notice of an order which was required to be entered by the clerk, could be given until the order was entered. This 332d section of the Code gives the party thirty days after written notice of the order in which to appeal. Now, he cannot appeal until after the order is entered, and if his adversary can give notice of the

order before he enters it, he may, by omitting to enter the order for thirty days, deprive the party altogether of his right to appeal. It is true he may be compelled to enter it, but it will frequently occur that he could not get a motion made, and a compulsory order on him, within the thirty days, for he must go to special term for the order; and even if the court order him to file the decision and enter the order, he may refuse, and submit to a contempt; or he may appeal from the latter order and delay it until the thirty days have expired. It is, to say the least, questionable whether any court can extend the time to appeal. I am of the opinion, therefore, that before the parties' right to appeal from the order can be cut off, there must have been thirty days' written notice given of the order entered with the clerk. This must be so in regard to orders that are required to be entered with the clerk. The case of *Bowman* agt. *Earle*, (3 *Duer's R.*, 691,) favors this view. This section of the Code is certainly susceptible of this construction; and this rule of practice is so reasonable and just, and the opposite so unreasonable and unjust, that we ought thus to construe it. I am, therefore, for holding that as regards all orders granted on notice, which are required to be entered with the clerk, the party has no right to give the written notice, allowed by section 332 of the Code, until after the order has been entered. This order was entered May 27, and the notice of appeal was served on the clerk June 27, and on the attorney before that. This was in time, under the rule prescribed by section 407 of the Code, which requires, in the computation of time, that the first day be excluded. This appeal, therefore, should be permitted to stand.

The next question which arises on this motion, is in regard to the plaintiff's omission to serve copies of the papers on which the appeal is to be argued.

The 40th rule of this court places appeals from orders sustaining or overruling a demurrer, amongst enumerated

motions.   The doubt in regard to this branch of the case
arises from the language of rule 42 of this court.   That
rule was designed to prescribe who shall furnish the papers
on enumerated motions, and in what cases they shall be
furnished, what they shall contain or consist of, and when
they shall be served.   I am inclined to think that this rule
42 does not require the party demurring to serve on the
opposite party any copy of the pleadings or other papers
when the question to be decided arises on demurrer.   The
party demurring is required to furnish them to the court,
but not to serve them on the opposite party.   The rule
reads as follows :  " The papers to be furnished on such
motion shall be a copy of the pleadings.   When the ques-
tion arises on the pleadings, or any part thereof, or of such
parts only as relate to the question raised by the demurrer,
or copy of the special verdict, return, or other papers on
which the question arises ; and the party whose duty it is
to furnish the papers, shall serve a copy on the opposite
party, *except upon trial of issues of law*, at least eight days
before the time the matter may be noticed for argument;
and the last part of the rule says the papers shall be fur-
nished by the plaintiff when the question arises on special
verdict, and by the party demurring in cases of demurrer,
and in all other cases by the party making the motion."
Thus it will be seen that the rule prescribes who shall fur-
nish the papers, and what they shall be, &c.; and it also
declares that the party whose duty it is to furnish the
papers, shall serve a copy on the opposite party *except on
the trial of issues of law*, at least eight days before, clearly
implying that upon the trial of issues of law no service
need be made.

The 249th section of the Code defines what is meant by an
" issue of law."   It says, " *an issue of law arises upon a
demurrer to the complaint, answer or reply, or some part
thereof.*"

This exception of issues of law in rule 42, I have no doubt

P—— agt. P——.

was intended to apply to cases of demurrer, and indeed there is little use in serving again a copy of the pleadings which the party already has; and it follows, therefore, if I am right in these views, that no copy of the pleadings in such cases need be served, and that this motion must be denied; but as the question has never been determined in this district, I think no costs should be given.

mui