By the Court.—McCunn, J.
This is an appeal from an order made at special term, refusing to set aside *480 another order of said special term, because the learned justice who heard the first motion at special term to dissolve the injunction, neglected to file or make known his decision within the twenty days prescribed by section 401 of the Code. The last order made at special term, and from which this is an appeal, should be affirmed for the following reasons:
First. Subdivision 8 of section 401 of the Code is directory. Such was the construction put upon a similar provision in section 267, by Mr. Justice Woodbtjff in this court in the case of O’Brien n. Bower, 4 Bosw. 663, and such has been the uniform current of decisions in all the courts (People v. Dodge, 5 How. Pr. 47; Lewis v. Jones, 13 Abb. Pr. 427; Stewart v. Slater, 6 Duer, 83, 102).
While I am holding, however, this construction of section 401 of the Code to be the correct one, yet I hold that the party aggrieved by the undue delay of a judge can have ample and complete remedy by mandamus against that judge to compel him to file or make known his decision and the proceedings thereunder.
In nearly all cases heard before a single judge the mind of the court is made up as to what its adjudication may be, but sometimes from press of business and other good and sufficient causes, a judge delays putting his views on paper and filing the same until after, but this neglect of the judge should not prejudice the suit- or in whose favor he may have decided, especially, as I have said before, the party deeming himself aggrieved has a complete remedy
Order affirmed, with costs.