Rapallo, J.
The notice of appeal, stating that the order was entered on the 11th of November, 1873, and the respondent having moved upon such notice without controverting its correctness in respect to the date of the entry of the order, that fact must be regarded as conceded. And further, the date of the entry, although stated and relied upon in the appellant’s points, was not controverted on the argument.
As the case stands before us, and as it stood before the General Term, the only notice given of the order, to limit *115 the time for appealing, was served before the entry of the order. It is very clear that such a notice is ineffectual for that purpose. Section 327, of the Code, provides that the appeal must be taken by the service of a notice, in writing, on the adverse party and on the clerk with whom the judgment or order appealed from is entered. No appeal can, therefore, be taken until after the entry of the order with the clerk, and notice of the order cannot, consequently, operate to limit the time for appealing until after such entry. The party desiring to appeal is ribt bound to watch, at the clerk’s office, for the entry of the order. The Code makes it the duty of the adverse party to give notice of such entry. The appealing party should be notified with what clerk the order is entered so as to be informed upon whom to serve the notice of appeal. (19 How. Pr., 517.) If a notice served prior to the entry of the order were sufficient to limit the time for appealing, a party might be cut off from his appeal by his adversary delaying the entry of the order for thirty days after service of the notice. (Gallt v. Finch, 24 How. Pr., 193.)
The counsel for the respondent contends that the service of a copy of the report of the commissioners, which contained, among other things, a recital of the order appointing them, was a sufficient notice of that order. We think not. The copy report is, in no sense, a notice, and it has been repeatedly held that unless the notice prescribed by the Code is given, the time to appeal continues without limitation. Knowledge of the order acquired in any other manner will not limit the time for appealing. Even when the party appealing enters the order himself, the time is not limited unless the prescribed notice is given. (Fry v. Bennett, 16 How. Pr., 402; 7 Abb., 352; 8 id., 310 ; 10 Paige, 370 ; 13 How., 423 ; 4 Abb., 309.) A party undertaking to limit the time for appealing is held to strict practice. (17 How., 192.) Even if the copy report could be held to be a notice it is insufficient. It merely states the making of' the order at the Monroe Special Term on the 30th of October, 1873, but says *116 nothing of its entry in Cayuga county on the eleventh of November.
There can be no question of the appealability of the order. (Rensselaer and Saratoga Railroad Company v. Davis, 43 N. Y., 137.)
The appearance of the appellant in opposition to the subsequent proceedings cannot be regarded as a waiver of the right of appeal. It is only when a party accepts some benefit under an order that he waives his right to appeal from it. It does not appear that the appellant accepted the compensation awarded him, or any other benefit from the proceedings, or that he even took part in the assessment of his damage. He opposed the whole proceeding.
The order of the General Term dismissing appeal should be reversed, with costs.
All concur; Folger, J., not sitting.
Order reversed.