THEODORE TAYLOR, SOLOMON SUTHERLAND AND CLARA QUACK-ENBUSH v. MARY C. GLADWIN.

*Ejectment for easements—Execution to enforce decree for alimony.*

Ejectment does not lie to recover an incorporeal easement, such as the use of an alley.

The recital of an incorporeal right in a judgment of ejectment is nugatory and does not affect its validity.

Where individual findings of fact are complete in themselves and stand in lieu of special verdicts, all that are evidently intended as findings of fact will be so treated even if they are classed by mistake with conclusions of law.

Alimony may be granted in gross.    Act 91 of 1877.

An allowance of alimony should be appealed from and not attacked collaterally in resisting ejectment proceedings brought by the wife to obtain possession of lands bid in by her under a sale on the execution issued to enforce the allowance.

Execution lies to enforce a decree for alimony.

An execution is not void because the order allowing it to issue was made before the enrollment of the decree, if the execution itself did not issue until after enrollment. Chancery Rule 80.

Chancery Rule 80 in forbidding proceedings to enforce a decree before its enrollment does not refer to orders of the court, but to proceedings in execution of the decree itself, as by sale; advertising and other preliminaries are allowed in advance of enrollment.

The sheriff's neglect to file the certificate of an execution sale within the statutory period (Comp. L., § 4638) cannot affect the purchaser's title unless the execution debtor or innocent third parties have been misled by it to their prejudice.

Error to Washtenaw. Submitted January 15. Decided January 21.

EJECTMENT. Defendants bring error.

*Alpheus Felch* for plaintiffs in error. If a certificate of execution is not filed during the statutory period and while the right of redemption lasts, the purchaser loses his title to the premises, *Doyle v. Howard,* 16 Mich., 261. Where one in possession claimed in fee under a quit-claim from a tenant in common, it was held not to be such an ouster of a co-tenant as would sustain ejectment, *Edwards v. Bishop,* 4 N. Y., 61, nor can it be maintained to recover a mere easement, 3 Kent's Com., 419; *Child v. Chappell,* 9 N. Y., 246; *Jackson v. May,* 16 Johns., 184.

*Brennan & Donnelly* for defendant in error. The sheriff's failure to file a certificate of execution sale will not divest the purchaser's title, *Jackson v. Young,* 5 Cow., 269; *Howard v. North,* 5 Tex., 290; Rorer on Jud. Sales, [2d ed.] §§ 718, 719.

CAMPBELL, C. J. Mrs. Gladwin, formerly wife of Charles G. Sutherland, obtained a divorce from him, with a decree for $2,000 alimony, for which execution issued out of the circuit court for the county of Wayne, under which she bid in one undivided third of certain premises

in Washtenaw held in common with defendants Suther-
land and Quackenbush, under whom Taylor held most
of the building on the land as tenant.   She brought
ejectment for this undivided third and recovered judg-
ment.    The declaration claimed the use of an adjacent
alley, and the judgment included this, but the finding is
silent on the subject.    Such an interest is not the sub-
ject of ejectment, as it is an intangible and incorporeal
easement.    *Grand Rapids v. Whittlesey*, 32 Mich., 192;
*Bay County v. Bradley*, 39 Mich.    Being of such a
nature the recital of such a right in the judgment is
nugatory, and cannot affect its validity.

The objections to Mrs. Gladwin's recovery were based
on supposed insufficiencies in the finding and on alleged
illegalities in the execution and sale.

The objections that there is no finding which shows
defendants below in possession of all the property, and
no finding of ouster, rest on the supposition that no part
of the finding of facts is contained in that part of the
finding headed conclusions of law.    As every finding is
one and entire, and stands in lieu of a special verdict,
we must receive everything evidently intended as facts
found, no matter in what part it is set forth.    It would
have been better to place all such matters by them-
selves, but the separation does not make the document
imperfect.    The case finds that Taylor is in possession
of most of the premises, and that the other defendants
enjoy and control the whole, and all unite in disputing
the validity of plaintiff's claim.    It also shows that one
of the defendants claims the very title which Mrs. Glad-
win asserts as her own.

There is therefore no further question except as to
the validity of her title.

It is claimed first, that the decree for alimony is void
because a gross sum instead of an annual payment.    It
is sufficient in this regard to say that inasmuch as the
circuit court of Wayne county had jurisdiction over the
divorce suit, it had jurisdiction to grant alimony, and

that for this reason, if any decree is regarded as improper, it should have been complained of by appeal. There is no possible ground on which such a decree can be regarded as void. We need not consider whether the objection is well founded. The practice is now expressly authorized by statute, and there are many considerations which make it desirable to separate the dealings of divorced parties and relieve them from further discords. But the question is not before us now.

If the court had power to make the decree, its power to enforce it by execution is clear under the statutes concerning the enforcement of money decrees then existing. It is urged, however, that the execution was not regularly issued, because the order allowing it to issue was made before enrollment.

The execution itself was not issued until after the decree was enrolled, and this is the full extent of the statute. The court rule No. 80, which does not allow proceedings to enforce a decree before enrollment, has no reference to orders of the court, but to proceedings in execution of the decree itself, as by sale or other ministerial action, and the practice as to chancery sales has allowed the preliminary steps of advertising and other preparatory measures, in advance of enrollment, but has required the sale to be made after enrollment. We do not think there is any force in this point,—either under the rule or under the statute.

The execution being regular, the only remaining question is whether the fact that the certificate of sale was not filed in proper time, avoids the sale. The execution shows a proper levy during its life and a few days after its date. The deed was properly made by the successor of the sheriff who made the sale. But the certificate of sale, dated July 23, 1872, was not filed till October 22, 1874, and the deed was made in November, 1874. The statute directs the certificate to be filed in ten days and allows a redemption within a year to the debtor, and within fifteen months to judgment creditors. No one

appears to have set up any right under the execution defendant until he deeded to his brother Solomon in August, 1877. This was nearly three years after the certificate was filed.

We find no authority for claiming that a sheriff can deprive an execution purchaser of his title by failing to perform his official duty of filing the certificate of sale. If the execution debtor or third persons are honestly misled by its absence from the files, they may very properly complain unless they are protected. But except to protect them in their purchases or other rights of claim or redemption, there is no reason, and we think there is no rule of law which regards the failure to file the certificate as impairing the purchaser's rights. This was distinctly decided in the early case under a similar statute, of *Jackson v. Young*, 5 Cow., 269; and a similar principle was suggested in *Lilly v. Gibbs*, 39 Mich.

We find no error in the judgment except the unimportant one concerning the use of the alley, which should be corrected. The judgment with this correction must be affirmed with costs, and the cause remanded to the circuit court for any necessary further proceedings.

The other Justices concurred.