Smith, J.
The plaintiff moves “ for an order vacating and setting aside the decision made herein on the 14th day of October, 1879, referring the application to vacate the order of arrest herein to George J. Sicard, Esq., on the ground that more than twenty days had elapsed after said motion or application was made, before the making of said decision ; and to vacate and set aside all the proceedings taken on behalf of the defendant to vacate the order of arrest herein, and for Such other or further order,” &c.
The affidavit upon which this motion is made shows that, soon after the action was commenced, an order of arrest was made therein, upon which the defendant was arrested and held to bail; that thereupon the defendant, on the 4th day of September last, made a motion to the *238 court upon affidavits, for an order vacating the order of arrest, and that the court made no disposition of the motion until October 14, when it directed an order to be entered, appointing George J. Sicard, Esq., a referee to examine the parties or their agents on oath upon the matters stated in the affidavits read on the motion to vacate the order of arrest, and to report the evidence and his opinion thereon to the court. The order of reference directed by the court was never entered.
This motion is founded on section 719 of the Code (as amended in 1879), which provides that, “when an application is made to obtain, vacate, modify, or set aside an order of arrest, injunction order, or warrant of attachment, the court or judge must finally decide the same within twenty days after it is submitted for decision.”
The Code makes no provision as to what shall be the effect of the failure of the court to make its decision within the time prescribed, or what remedy or . relief the parties to the action may invoke in such a case. No decision has been cited by counsel, nor am I aware of any, which gives construction to the section, or discusses the consequences of a non-compliance with its provisions, or the practice to be followed in such cases. But the provisions of section 1010 ai’e very nearly analogous to those of section 719. They prescribe that, “upon a trial, by the court, of an issue of fact or of law, its decision in writing must be filed in the clerk’s office, within twenty days after the final adjournment of the term where the issue was tried. If it is not so filed, either party may move, at a special term, for a new trial upon that ground. If the decision has not been filed, when the motion is heard, the court must make an order for a new trial, either absolutely, or unless it is filed within a time specified in the order.” It will be observed that the language is equally imperative in each section. The court “mtísí” decide the *239 motion, or the issue, within the time fixed. Yet, under the section last quoted, it has been repeatedly held that its provisions are directory merely, and a failure to comply with them will not prejudice either party (People ex rel. Cahoon v. Dodge, 5 How. Pr. 47; Burger v. Baker, 4 Abb. Pr. 11; Stewart v. Slater, 6 Duer, 83 ; O’Brien v. Bowes, 4 Bosw. 657. See also Brinkley v. Brinkley, 56 N. Y. 192, and Heroy v. Kerr, 21 How. Pr. 409, 425).
In cases like that under consideration, the provision that the motion to vacate the order of arrest must be decided within twenty days after it is submitted for decision, is undoubtedly made for the protection of the party under arrest, in order that a question of personal liberty shall be speedily determined. The plaintiff can hardly be injured by delay. The order of arrest remains in full force, and the defendant is bound by it. The plaintiff can proceed with his action, and all his remedies are perfect, no matter how long the decision of the motion to vacate the Order be delayed, or even if it is never decided. If the defendant does not bomplain, the plaintiff cannot. He requires no relief, for he is subjected to no wrong.
There is another view of this case which must be considered. Though the court did not decide the motion, yet it directed that an order of reference be entered, and thus lawfully and properly postponed (by necessary implication) the decision of the motion, until the order of reference should be executed. If the motion had been decided by the court, though after the expiration of the twenty days, such decision would have been as valid and conclusive as if made before the twenty days expired. And of equal force and validity is the order of reference. It was made, no doubt, because the affidavits read upon the motion were so - conflicting, that the court found itself unable to determine what the facts in truth were, and so render a just *240 decision. There is no suggestion that the direction to refer was improperly or improvidently made. I must presume that it was properly made. I cannot review it upon the merits. Such an order is in its nature so entirely discretionary, that it is difficult to suppose a case in which its propriety could be questioned. And this is a perfect answer to this application, as based upon the failure to decide within twenty days the motion to vacate the order of arrest. As was said by the court of appeals in Brinkley ». Brinkley (supra), “though the court is required to make its decision within twenty days, it is necessarily with the implied qualification, that no other disposition is made of the case.” The disposition made of the motion .to vacate the order of arrést by directing a reference, though temporary, was, as we have seen, valid; was made before this motion was, and necessarily postpones a decision until the order of reference shall have been executed, and such proofs are before the court as will enable it to determine rightly the matters in dispute on the former motion.
For these reasons the plaintiff’s motion must be denied, but without costs, as the questions raised are novel, and the practice not free from doubt.
I ought, perhaps, to notice the suggestion of counsel as to the fact that the order of reference which the plaintiff asks to have vacated, has never been actually entered. This is a sufficient answer to plaintiff’s motion so far as it relates to that order. Until an order is entered no appeal can be taken from it, nor can it be executed or acted upon ; and, by parity of reasoning, no order to set it aside or vacate it can be made (Galt v. Finch, 24 How. Pr. 193; Whittaker v. Desfosse, 7 Bosw. 678). Nor can the plaintiff complain that the order has not been entered. Such an order may be entered by either party to the motion, for it is for the benefit of both, and either of them may proceed at once to exer *241 cise it. Even if it was the right and duty of the defendant, as the moving party, to enter the order, yet if he neglected for twenty-four hours to do so, the plaintiff had the right then to proceed and enter it (Peet v. Cowenhoven, 14 Abb. 56; Matter of Rhinebeck, &c. R. R. Co., 8 Hun, 34). If, therefore, there has been delay in entering or in executing the order of reference, the plaintiff is in fault equally with the defendant, and has much less reason to complain, for the order of arrest, as I have before said, remains in full force, and he has only to proceed with his action to avail himself of his ultimate remedy, and of all his rights in the premises.