In the Matter of the Application of MARY H. CLARK, Appellant, to Remove WILLIAM W. DORLON, Respondent, as Surviving Executor and Trustee under the Will of PHILIP S. DORLON, Deceased.

1. SURROGATES' COURTS — WHEN SURROGATE MAY REJECT REFEREE'S REPORT AFTER THE EXPIRATION OF NINETY DAYS AFTER IT HAS BEEN SUBMITTED TO HIM — CODE OF CIVIL PROCEDURE, § 2546, CONSTRUED. Under section 2546 of the Code of Civil Procedure, providing that "unless a report is acted upon by a surrogate within ninety days after it has been submitted to him, it shall be deemed to have been confirmed as of course and a decree to that effect may be entered by any party interested in the proceeding upon two days' notice," a surrogate has power to reject the report of a referee, finding that charges made in a proceeding to remove an executor were not sustained, and enter a decree removing such executor, unless the party desiring to have the report confirmed has previously, and after the expiration of the ninety days, given the notice prescribed by the statute and a decree of confirmation has been entered in pursuance thereof; since the surrogate retains jurisdiction with power to take any proper action in the proceedings until one of the parties seeks to avail himself of the remedy provided by the statute, and his action is not void or voidable, because, after jurisdiction has once been acquired, the provisions of law fixing the time for intermediate steps are to be deemed directory, and a disregard of them does not avoid the proceedings.

2. WAIVER — WHAT CONSTITUTES A WAIVER OF THE RIGHT CONFERRED BY THE STATUTE. Where the executor, who was interested in having the referee's report confirmed, appeared before the surrogate after the decision and decree of removal had been made and served upon him, and asked leave to file his final judicial account as "former executor and

trustee " and was given time for that purpose and thereafter filed such account, to which objections were filed and a hearing thereupon appointed, and which account recited the fact that upon the refusal of the surrogate to confirm the referee's report the executor was removed, and such executor did not serve notice under the statute of his intention to procure the entry of a decree confirming the referee's report until the day that he appealed from the surrogate's decree, thirty days after the service of such decree upon him and sixty days after the expiration of the time allowed the surrogate to act upon the referee's report, such acts, conduct and silence of the executor constitute a waiver of any right he may have possessed to require the entry of a decree as of course confirming the report of the referee.

*Matter of Clark*, 61 App. Div. 337, reversed.

(Argued October 2, 1901; decided November 12, 1901.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, made May 14, 1901, which reversed two orders of the Rensselaer County Surrogate's Court, one removing the respondent as executor and trustee under the will of Philip S. Dorlon, deceased, and the other refusing confirmation of the referee's report herein, and confirmed the report of such referee.

The facts, so far as material, are stated in the opinion.

*James Lansing* for appellant. The order of the Appellate Division reversing the orders of the surrogate herein is erroneous and should be reversed. (Code Civ. Pro. §§ 2546, 2817, 2683, 2472, 2474; *Smith* v. *People*, 47 N. Y. 339; *Miller* v. *Solomons*, 7 Exch. Rep. 546; *Allen* v. *Stevens*, 161 N. Y. 143; 12 Am. & Eng. Ency. of Law [1st ed.], 301; *Dudley* v. *Mayhew*, 3 N. Y. 9; *Wheelock* v. *Lee*, 74 N. Y. 495; *Verona's Appeal*, 108 Penn. St. 83; *Jolly* v. *Hancock*, 7 Exch. Rep. 820; *Hoyt* v. *East Saginaw*, 19 Mich. 39; *Webster* v. *French*, 12 Ill. 302.) The respondent waived his right to enter a decree as of course confirming the report of the referee as the decree of the surrogate. (*Matter of Cooper*, 93 N. Y. 507; *Goit* v. *N. P. Ins. Co.*, 25 Barb. 185; *Matter of Hughes*, 93 N. Y. 512; *Lee* v. *Tillotson*, 24 Wend. 337; *Embury* v. *Conner*, 3 N. Y. 511; 28 Am. & Eng. Ency. of

Law, 587, 588; *Warren* v. *Glynn*, 37 N. H. 340; *Clapp* v.
*Graves*, 26 N. Y. 418; *Nason* v. *Ludden*, 56 How. Pr. 175;
*Baird* v. *Mayor, etc.*, 74 N. Y. 382; *Pearson* v. *Lovejoy*, 53
Barb. 407.)   The court below erred in setting aside the order
of the surrogate removing the executor and trustee under the
motion as made, (1) because it was not asked for in such
motion, (2) because the only remedy allowed by the statute is
by appeal.  (Code Civ. Pro. §§ 2472, 2473, 2474; *O'Connor*
v. *Huggins*, 113 N. Y. 511; *Harrison* v. *Clark*, 87 N. Y. 572;
*Kelly* v. *West*, 80 N. Y. 139; *Power* v. *Speckman*, 126 N.
Y. 354; *Matter of Miller*, 2 App. Div. 615; *Matter of
Hood*, 90 N. Y. 512.)

*Lewis E. Griffith* and *John P. Curley* for respondent.
The surrogate having failed to pass upon the report of the
referee and confirm, approve, modify or reject it within
ninety days after the same had been submitted to him, the
report was confirmed by operation of law, and the surro-
gate became *functus officio* in respect thereto.  (Code Civ.
Pro. § 2546.)   The statute brought in review by this appeal
is plain and unambiguous in its terms and leaves no room for
conjecture or interpretation.  It divests the surrogate of
authority by reason of his failure to act within ninety days
after the report of the referee has been submitted to him.
(*Bartlett* v. *Morris*, 9 Port. [Ala.] 268; *Lord Halsbury* v.
*Cotton*, L. R. [12 App. Cas.] 6; Hardcastle Constr. of Stat.
Law [2d ed.], 76; Maxwell on Interp. of Statutes, 518; *F. A.
Bank* v. *Colgate*, 120 N. Y. 381; *Johnson* v. *H. R. R. R.
Co.*, 49 N. Y. 455; *Thornley* v. *United States*, 113 U. S.
310; *Lewis* v. *United States*, 92 U. S. 618; *Alexandria* v.
*Alexandria*, 9 U. S. 1; *Church of the Holy Trinity* v. *U. S.*,
143 U. S. 457.)   The language of the statute is mandatory and
imperative, for the reason that it forbids the surrogate from
doing the act at any other time, or in any other manner, than
as therein provided.  (*People* v. *Allen*, 6 Wend. 487; *Jackson*
v. *Young*, 5 Cow. 269; *Blander* v. *Philadelphia*, 60 Penn. St.
466; *People* v. *Schermerhorn*, 19 Barb. 540; *Cusick's Election*,

136 Penn. St. 459 ; Cooley's Const. Lim. 93 ; Potter's Dwarris on Stat. 228 ; *Verona's Appeal*, 108 Penn. St. 83 ; *Jolly* v. *Hancock*, 7 Exch. Rep. 820 ; *Hoyt* v. *East Saginaw*, 19 Mich. 39 ; *Webster* v. *French*, 12 Ill. 302 ; *Gilmore* v. *City of Utica*, 121 N. Y. 561.) No act of the respondent can be construed as vesting the surrogate with power to pass upon the report of the referee after the expiration of the ninety days. (*Matter of Niles*, 47 Hun, 348 ; *Decker* v. *Sexton*, 19 Misc. Rep. 59 ; *Ballou* v. *Parsons*, 67 Barb. 19 ; *Gregory* v. *Cryder*, 10 Abb. [N. S.] 289.)

MARTIN, J. The respondent was one of the executors and trustees under the will of Philip S. Dorlon, who died in May, 1886, leaving an estate amounting to more than two hundred thousand dollars. The respondent's brother, Elias G. Dorlon, a co-executor and trustee, had the active management of the estate until his death, which occurred February 15, 1899. Shortly afterwards this proceeding was instituted by Mary H. Clark for the removal of the respondent as such executor and trustee. On September 19, 1899, the issues raised by the petition and answer herein were referred to a referee to take proof relative to the matters in issue and to report the same to the surrogate with his conclusions thereon. On April 16, 1900, the referee made his report, in which he reported and filed the evidence taken by him, and added what he denominated " findings of fact and findings of law," among which was a finding that none of the charges set forth in the petition was sustained. To this report the petitioner filed exceptions. A motion for its confirmation returnable before the surrogate May 8, 1900, was then made, and the hearing was duly adjourned until the eighteenth of the following June, when it was finally submitted. No decision was rendered until November twenty-first, when the surrogate made findings of fact and conclusions of law justifying the removal of the respondent, and refused to confirm the report of the referee. On November twenty-second a decree was entered removing the respondent, and the

decision and decree of removal were served upon his attorney on the same day. December twenty-second the respondent appealed from that decree to the Appellate Division. On the same day he served a two days' notice upon the appellant's attorney of his intention to present to the surrogate a decree confirming the report of the referee under the last sentence of section 2546 of the Code upon the ground that before the decision by the surrogate as to the confirmation, modification or rejection of the referee's report more than ninety days had elapsed since the final submission of the motion January 4, 1901, the surrogate made an order denying that motion. On the ninth of the same month the respondent also appealed from that order.

The determination of this appeal involves the construction or proper interpretation of section 2546 of the Code of Civil Procedure. That section conferred authority upon the surrogate, in his discretion, to appoint a referee to take and report the evidence of the facts, whose report was made subject to confirmation, approval, modification or rejection by the surrogate. The contention of the respondent is, and the learned Appellate Division in substance held, that the effect of the last sentence of that section was to limit the power of the surrogate to act upon the report to ninety days after its submission, and in default thereof that he lost all jurisdiction to determine the issue between the parties. That was upon the theory that that sentence is self-executing and after ninety days the report became a final determination of the issue. This interpretation involves the conclusion that the purpose of that provision was not merely to provide a method to expedite proceedings like this, but also to limit the jurisdiction of the surrogate therein to ninety days by substituting the unconfirmed report of the referee in place of the decision of that officer after that time. In determining the effect which should be given to this statute, such an exposition should be adopted as will carry into effect the purpose of its enactment. To ascertain its real intent and meaning, we should consider the condition of the law before the act was passed,

the mischief or defect not then provided for, the remedy provided, and the reason for it. The substantial provisions of section 2546 were first enacted in 1870, but limited to the Surrogate's Court of the city of New York. Subsequently, they were made applicable to the whole state and finally adopted as a part of the Code of Civil Procedure. After they were thus adopted, and until 1895, they remained substantially as now, omitting the last sentence. But by chapter 796 of the laws of that year, the section was amended by adding the following sentence: " A referee's report must be passed upon and confirmed, approved, modified or rejected by a surrogate within sixty days after it has been submitted to him." That sentence was amended by chapter 607 of the Laws of 1899 so as to read: " Unless a referee's report is passed upon and confirmed, approved, modified or rejected by a surrogate within ninety days after it has been submitted to him, it shall be deemed to have been confirmed as of course and a decree to that effect may be entered by any party interested in the proceeding upon two days' notice." As the section stood before its last amendment, it is obvious that it could not be properly held that a decision by a surrogate and a decree thereon could not be entered after sixty days had elapsed since its submission. It then contained no provision indicating what proceedings, if any, could be taken upon the failure of the surrogate to act upon the report within that time. It was that defect the law-making power sought to remedy. To that end it changed the section to its present form, thereby providing a course of procedure to be adopted in case the report was not acted upon as the statute required. We do not think that by the last amendment the legislature intended that after the expiration of ninety days the surrogate should be ousted of jurisdiction to act upon the report, certainly not, unless the parties took some steps to invoke the remedy provided by the section before a decision by the surrogate was made and entered. If the interpretation of the Appellate Division is sustained, it would seem necessary to find some cause or purpose within the range of reasonable conjecture, if not of reasonable

probability, which induced the legislature to absolutely substitute the unconfirmed report of a referee appointed to take and report the evidence upon the facts in place of the determination and decree of a surrogate, upon whom alone the statute confers power to institute and determine such a proceeding. This statute, as construed by the Appellate Division, would permit parties interested to remain silent until they ascertained the decision of the surrogate, and if adverse, then, for the first time, to avail themselves of the procedure provided by the section, notwithstanding the fact that he had already acted upon the report and entered a proper decree thereon. Again, so construed, it would enable a surrogate by merely delaying his decision, to avoid its responsibility and impose upon a referee selected by him the duties which the law has absolutely conferred upon the surrogate. If that contention be correct, it is also difficult to understand why any notice of the intended entry of a decree is required, as the party to whom such notice is to be given would be entirely powerless to prevent its entry, although neither he nor the surrogate was in any way responsible for the delay. A construction which would admit of such results not only seems inconsistent with the evident purpose of the statute but quite absurd. It is much more reasonable to suppose that the object and purpose of this amendment was to expedite the determination of questions at issue before surrogates, and place it within the power of either party to bring the proceeding to a determination, so far as the report of the referee is concerned, upon two days' notice, unless before that time the report is confirmed, modified or rejected. We think the section was not intended to deprive parties of their right to the judicial action of the surrogate, but that its obvious purpose was to expedite decisions in this class of referred cases and to provide a means by which any interested party could enforce promptness of action. If a party might remain silent until after a decision, regardless of the length of time the proceeding has been delayed, and then be permitted to enter an order as of course confirming the report, the clear intent of the sec-

tion would be defeated.    When the whole section is read
together we think it discloses an intention, after ninety
days, to place the control of the. time within which the
report shall be confirmed, modified or rejected by. the surro-
gate, in the hands of the parties who, upon giving the proper
notice, may have it confirmed as of course unless the surrogate
has previously passed upon it.    If this report was absolutely
and finally confirmed by the expiration of ninety days, it
would necessarily follow that the time for the surrogate to act
could not be extended by consent of the parties, by waiver,
express or implied, or by an order of the court, whatever the
exigencies might be.    But as under this section no decree con-
firming the report can ‘be entered except upon two days’
notice, we think until that notice is given and a decree entered
in pursuance of it the proceedings remain open and undeter-
mined.    Doubtless the surrogate could be compelled to enter
a decree of confirmation if presented after the expiration of
ninety days and before he had acted thereon.    But it by no
means follows that during that time he is powerless to perform
any proper judicial act relative to such report.    Neither
actions nor special proceedings can be terminated otherwise
than by a final order or judgment.    ( *Van Arsdale* v. *King*,
.155 N. Y. 325, 328.)    Hence, it is evident that until a decree
of confirmation is entered, the report is not conclusive or
binding.    It is made so only by a decree.    Until then no other
or subsequent proceedings can be taken    As the report is not
conclusive until the entry of either a voluntary or compulsory
decree confirming it, it is manifest that the statute is not
self-executing but requires some action either by the parties or
surrogate to render it final.    If this conclusion is correct, it
follows that the surrogate still retained jurisdiction with
power to take any proper action in the proceedings, at least
until one of the parties sought to avail himself of the remedy
provided by the statute, and that his action thus taken is not
void or voidable.    After jurisdiction has been once acquired
the provisions of law fixing the time for intermediate steps
are to be deemed directory, and a disregard of them does

not avoid the proceedings. "In other words, as the cases
universally hold, a statute specifying a time within which
a public officer is to perform an official act regarding
the rights and duties of others is directory, unless the
nature of the act to be performed, or the phraseology of the
statute, is such that the designation of time must be con-
sidered as a limitation of the power of the officer." (Suther-
land on Statutory Construction, § 448; *Matter of the
Empire City Bank*, 18 N. Y. 199; *People* v. *Allen*, 6 Wend.
486; *Jackson* v. *Young*, 5 Cow. 269; *Wood* v. *Chapin*, 13
N. Y. 509; *Stewart* v. *Slater*, 6 Duer, 83; *Canniff* v. *Mayor,
etc., of N. Y.*, 4 E. D. Smith, 430; *Ex parte Heath*, 3 Hill,
42; *Juliand* v. *Rathbone*, 39 N. Y. 369; *Hupfel* v. *Schœ-
mig*, 2 J. & S. 476; *Stafford* v. *Ambs*, 8 Abb. N. C. 237;
*White* v. *Coulter*, 3 T. & C. 608; *Matter of Hennessy*, 164
N. Y. 393, 397.) In *Matter of the Empire City Bank* it
was held that the provision of the statute there under con-
sideration, limiting the time for a referee to make his report,
was merely directory, and that an extension of the period
beyond the statutory time did not work a discontinuance
of the proceeding. *Stewart* v. *Slater*, *Hupfel* v. *Schœ-
mig* and *Stafford* v. *Ambs* are to the effect that the pro-
vision of the Code which requires a judge by whom a cause
is tried without a jury to file his decision within twenty days
after the trial is also merely directory. In *White* v. *Coulter*
it was decided that the provision of the Code requiring a
judgment to be entered within four days after the decision
was merely directory. In *Matter of Hennessy*, where this
court recently considered the provision of the Election Law
requiring that a final order of the court reviewing the deter-
minations and acts of the officers with whom certificates of
nomination are filed must be made fifteen days before elec-
tion, it was held to be directory, and that where the court
acquired jurisdiction its order was effectual, although made
after the expiration of that time. In that case it was said:
"In construing statutes all the provisions thereof should be
considered and, so far as possible, each provision harmonized

with the other so as to give effect to the legislative intent and the purpose sought to be accomplished. In reaching this result courts will treat some provisions as mandatory and others as directory in order to give force and effect to them all." This court has likewise held that section 1019, which requires a referee to deliver his report within sixty days, did not end the power of the referee to render a report after that time, unless the notice required by that section was served (*Gregory* v. *Cryder*, 10 Abb. Pr. [N. S.] 289, 296), and in *Livingston* v. *Gidney* (25 How. Pr. 1), where an earlier statute of like purport was involved, the same doctrine was held, and it was also held that the omission might be waived and was waived by a party who saw fit to wait for the report without objecting to the delay. Applying the principle of those cases to the statute under consideration it becomes quite obvious that the provision unless the report is acted upon within the time specified a decree confirming it as of course may be entered upon two days' notice, does not directly or by implication indicate a legislative intent that the action of the surrogate after the time specified is void. To give this statute that effect would require the importation into it of words it does not contain, and would give but little, if any, effect to the provision requiring two days' notice before a decree could be entered as of course. Under the circumstances, and in view of these considerations, we are of the opinion that the omission of the surrogate to confirm, reject or modify the referee's report until more than ninety days had elapsed after its submission, did not oust him of jurisdiction of the proceeding or deprive him of the power to make and enter the decree removing the respondent, and that having made it before the respondent took any steps to procure one confirming the report upon the ground of lapse of time, it was valid and should be upheld.

Moreover, there is another ground upon which we think the action of the surrogate should be sustained. As we have hitherto seen, on the twenty-second of November, 1900, the decision and decree of removal had been made and copies per-

sonally served on the attorney for the respondent. Twenty days later he appeared in person before that officer, asked to be allowed to file his final judicial account as "former executor and trustee," and was given time for that purpose. Two days later he filed his account and served the same upon the attorneys for the appellant. Subsequently the appellant served objections and the matter was adjourned until January 4, 1901. The account rendered by the respondent recited the fact that upon the refusal of the surrogate on the twenty-second of November, 1900, to confirm the report of the referee, the respondent was removed and a decree to that effect entered. On the twenty-second of December, thirty days after the service of that decree, the respondent appealed therefrom, and on the same day, for the first time, served a notice under section 2546 of his intention to procure the entry of a decree confirming the referee's report under the provisions of that section. Thus for sixty days after the expiration of the time allowed to the surrogate to act, and thirty days after he had acted, refusing to confirm it, and had made a decree removing the respondent, the latter took no steps in the proceeding, except in acquiescence and submission to such decision. It is a general, if not universal, rule that where power to act in a tribunal exists, and the only objection to its exercise is one intended for the benefit and designed for the protection of the party complaining, such objection must be taken at the earliest practicable opportunity after the party becomes aware of the facts on which its validity depends, or it will be held to have been waived by the omission to urge it seasonably. "In civil cases a party may stipulate away all his rights, questions of jurisdiction as well as others, and he may do this by express agreement, by acts inconsistent with the objection, or by his silence and omission to present the proper points when he ought to object." (*Cowenhoven* v. *Ball*, 118 N. Y. 231, 235; *Vose* v. *Cockcroft*, 44 N. Y. 415; *Fisher* v. *Hepburn*, 48 N. Y. 41; *Hilton* v. *Fonda*, 86 N. Y. 339; *Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447, 453; *Shaffer* v. *Riseley*, 114 N. Y. 23; *Brady* v. *Nally*, 151 N.

Y. 258, 264.) Within the principle of these authorities we think the acts, conduct and silence of the respondent constituted a waiver of any right he may have possessed to require the entry of a decree as of course confirming the report of the referee.

The surrogate was justified in declining to confirm the report of the referee, as, of course, upon the further ground that he had already acted upon the report by rejecting it, so far as the so-called findings were concerned, and upon the evidence had made and entered what, in the absence of the evidence reported, must be treated as a proper decree thereon. After having thus made a decree by which the proceeding was finally terminated, he could not be required to act upon the report for a second time while that decree remained unreversed. In other words, the decree made was a final determination of the proceeding before him, and no intermediate order therein could be properly granted until the decree already made was vacated or set aside. The surrogate having made and entered a final decree his power to act upon the report was spent, and he could not be required to re-examine it; certainly not until an application was made to vacate or set it aside, which was not done.

These considerations lead us to the conclusion that the order of the Appellate Division should be reversed, and the orders of the surrogate affirmed, with costs.

PARKER, Ch. J. (dissenting). Five months after the motion to confirm the referee's report herein had been submitted to the surrogate that officer undertook to set aside the report, notwithstanding the statute (section 2546, Code of Civil Pro.), which declares that the report of a referee " shall be deemed to have been confirmed as of course " unless action affecting the report be taken by the surrogate within ninety days after its final submission to him. The Appellate Division held that the order of the surrogate attempting to set aside the report was without power inasmuch as the report had already been confirmed by the operation of the statute. With the conclu-

sion thus reached by that court I am in agreement. The statute provides : " Unless a referee's report is passed upon and confirmed, approved, modified or rejected by a surrogate within ninety days after it has been submitted to him, it shall be deemed to have been confirmed as of course and a decree to that effect may be entered by any party interested in the proceeding upon two days' notice." It does not seem as if argument were needed to support a construction of the statute which accords precisely with its reading, but there are suggestions that can be made touching the history and development of the statute, its purposes and the phraseology employed, which, at least, tend to support the construction that the statute on its face seems to me to require.

*First*, as to the history and development of the statute. There are sixty-two surrogates in this state, and in the years that have gone there have been surrogates who were not always prompt in the disposition of public business, and such complaint was made as finally led to an attempt to secure relief by statute. So, in 1895, the section of the Code above referred to was amended. Prior to that time it provided for the appointment of a referee by a surrogate " to take and report   *   *   *   evidence upon the facts, or upon a specific question of fact ; to examine an account rendered, to hear and determine all questions, arising upon the settlement of such an account, which the surrogate has power to determine ; and to make a report thereon ; subject, however, to confirmation, or modification by the surrogate." The amendment added the words : " A referee's report must be passed upon and confirmed, approved, modified or rejected by a surrogate within sixty days after it has been submitted to him." (Chapter 796 of the Laws of 1895.) But this provision proved to be ineffective, for if the surrogate omitted to take action on the report the parties interested were helpless, as no procedure was provided in case of non-compliance. Therefore, the legislature again took the matter up in 1899 and so changed the amendment of 1895 as to read as first above quoted. As thus amended it extends the time within which the surrogate

may act from sixty to ninety days, and then provides that in the event of failure to act within that time the report shall be deemed to have been confirmed as of course.

It is suggested that notwithstanding the statute provides thus emphatically that the effect of non-action by the surrogate for a given time shall be to confirm a report, the subsequent clause, that a decree to that effect may be entered by any party interested in the proceeding upon two days' notice, so qualifies and limits the operation of the statute that the report is not confirmed until after two days' notice shall have been given, and if such notice be not given the report will not be confirmed. In the first place, it should be noted that the time when confirmation takes place is not made dependent upon the action of the attorneys or parties, but upon non-action by the surrogate. It is not indefinite, as it would necessarily be if dependent upon any party interested in the proceeding causing a two days' notice to be given. But it is definite, because unless the surrogate acts within ninety days from the date of the submission the report "shall be deemed to have been confirmed as of course." It is not to be confirmed in the future, because the report has already been confirmed according to the statute when the ninety days have passed without action by the surrogate. Then, speaking as of that time, the statute says: "It shall be deemed to have been confirmed as of course." The subsequent provision that a decree to that effect may be entered upon two days' notice no more postpones the hour of the confirmation of the report than the entry of judgment after an affirmance upon appeal postpones the hour of the decision or affects the fact of decision. After the order of affirmance, which disposes of the case so far as the court is concerned, there yet remain questions of costs which may be properly included in a judgment to be entered on the order, and notice of their taxation is required. So in this case the report of the referee is confirmed by operation of law and the result is precisely the same as if the surrogate had confirmed it. In either event the orderly and usual disposition of the matter requires an order or decree

which shall make such disposition of costs and disbursements of the proceeding as the statute and practice thereunder may authorize or require.

Such is, it seems to me, the purpose of the last clause of the section under consideration, and any other construction is not only unnatural, but tends to nullify the statute. If the statute be so construed that it shall be held to mean that confirmation of the report does not take place as a matter of course at the end of the ninety days, but shall take place only after a decree has been entered upon a two days' notice by any party interested in the proceeding, confirmation by operation of the statute never takes place; for notice must first be given and the decree be actually signed by the surrogate before there can be confirmation, and until that event, according to the views expressed in the prevailing opinion, the surrogate may elect to set aside the report although many times ninety days have elapsed since the submission of the referee's report to him.

I advise an affirmance of the order of the Appellate Division.

HAIGHT and LANDON, JJ. (and VANN, J., on first and second grounds in opinion), concur with MARTIN, J.

O'BRIEN and BARTLETT, JJ., concur with PARKER, Ch. J.

Ordered accordingly.