BANK OF COMMERCE *v.* TERNES COAL & LUMBER CO.

1. ASSIGNMENTS—NOTICE—SUFFICIENCY.
   Notice of assignment of account sufficient to direct purchaser's attention to prior rights or equities of third persons and to enable him to ascertain their nature by inquiry is sufficient.

2. SAME—FINDING OF COURT—APPEAL AND ERROR.
   In assignee's action on account for carload of lumber shipped to defendant, where there was ample testimony to show that it received notice of assignment before making payment to assignor, finding of trial judge in accordance therewith is not disturbed, on review.

3. APPEAL AND ERROR—WRONG CLASSIFICATION OF FINDING.
   Classifying finding of law as one of fact by trial judge will not disturb result, notwithstanding wrong classification.

Error to Wayne; Houghton (Samuel G.), J., presiding. Submitted January 29, 1931. (Docket No. 8, Calendar No. 35,319.) Decided February 27, 1931.

Assumpsit by Bank of Commerce, Eugene, Oregon, a corporation, as assignee of the Ball Lumber Company, against Ternes Coal & Lumber Company, a corporation, for a carload of lumber. Judgment for plaintiff. Defendant brings error. Affirmed.

*Trowbridge, Lewis & Watkins (Frederick C. Gielow,* of counsel), for plaintiff.

*Payne & Payne (Edmund E. Shepherd,* of counsel), for defendant.

BUTZEL, C. J. Ball Lumber Company of Eugene, Oregon, assigned its account for a carload of lumber

shipped defendant Ternes Coal & Lumber Company, to the Bank of Commerce, of Eugene, Oregon, plaintiff herein. The bank passed credit on its books to shipper for $775. A written assignment was executed near the bottom of the face of the original invoice in the following form:

"For value received we hereby assign to the Bank of Commerce, of Eugene, Oregon, all our right, title and interest in and to the within account.

"Executed in triplicate this 24 day of June, 1920.
                "Ball Lumber Company,
                    "(A Corporation)
                        "O. H. Ball,
                            "By O. H. Ball, President."
(Seal)

The assignment takes up approximately one-fourth of the face of the invoice and also of the copy sent defendant. Plaintiff's president testified that he sent defendant a letter together with the original bill of lading and a duplicate copy of the invoice containing a typewritten copy of the assignment sealed with the corporate seal of the Ball Lumber Company. No testimony was given as to the contents of the letter nor was the original or a copy thereof produced. Although the transaction occurred in June, 1920, and the case was begun in October of the following year, the trial did not take place until June, 1930, over ten years after the transaction took place. The lapse of time made proofs difficult for both parties.

Defendant claims that it received no letter from plaintiff until after paying the bill. It admits, however, receiving the invoice which contained the underwriting, showing a complete copy of the assignment and sealed with the corporate seal of the Ball

Lumber Company. Although defendant claims that the assignment was never brought to its notice, and, therefore, it is not bound, it produced the invoice containing the copy of the assignment at the trial. It bears defendant's rubber stamp showing that it was received "June 29, a. m." at the office of the president. Another rubber stamp shows that it was checked on August 12, 1920, by the car checker. Four lines of rubber stamp show other entries in the car book, etc. A statement of the amount of the freight paid by defendant was entered in ink on the invoice and deducted from the amount due before payment.

Either defendant failed to notice the copy of the assignment which is so manifestly apparent, or, when it came to payment, overlooked the fact that the account had been assigned. It sent its remittance direct to the Ball Lumber Company for the aggregate amount due on the invoice in question, plus the amount due on another bill for lumber not assigned to plaintiff and owing to the Ball Lumber Company.

Plaintiff brought suit for the amount of the account assigned to it. The case was tried without a jury. The trial judge found in favor of plaintiff for the full amount of its claim and interest.

Defendant appeals, and claims that it had no knowledge of the assignment; that the notice was insufficient to put it on its guard; that the character of the instrument constituting the assignment was insufficient; that the conduct of the seller and purchaser was such as to preclude plaintiff from recovery and so as to excuse the defendant from not paying plaintiff. The real question is whether defendant received a sufficient notice of the assignment so as to be bound. This is largely a question of fact which was decided by the judge who heard the tes-

timony and saw such witnesses as were produced. Some of the testimony was taken by deposition.

As Mr. Justice CHRISTIANCY stated in *Willcox* v. *Hill,* 11 Mich. 256:

"It is *notice,* not *knowledge,* which is required; and it can only be required to be such as men usually act upon in the ordinary affairs of life; * * * and whatever is sufficient to direct the attention of a purchaser to the prior rights or equities of third persons, and to enable him to ascertain their nature by inquiry, should be held sufficient."

The question of whether defendant received notice of the assignment became largely one of fact. There was ample testimony to show that it received such notice, and the findings of the trial judge will not be disturbed.

Complaint is made that the trial judge found as a finding of fact instead of law that the copy of the invoice received by defendant containing a copy of the assignment constituted sufficient notice showing that the plaintiff was the owner of the account formerly owned by the Ball Lumber Company. Classifying a finding as one of law instead as one of fact will not disturb the result, notwithstanding the wrong classification. *Taylor* v. *Gladwin,* 40 Mich. 232.

The judgment is affirmed, with costs.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.