In the Matter of the Accounting of MINNIE SCHWAN, as Administratrix of the Estate of MINNA M. HIPP, Deceased.

Surrogate's Court, Suffolk County, May 26, 1953.

*Stanley Fowler* for administratrix.

*William Otis Badger* and *Harry Wieser* for Hattie Phillipson, respondent.

*Harold B. Epp* for Alfred Hipp, Jr.

*John Clark Toaz,* special guardian for Anna H. Jack.

HAZLETON, S. This proceeding was referred to a Referee to hear and report in regard to a family tree. The Referee filed his report more than ninety days ago, but no action was taken by either party concerning same and no decree has been entered. One of the parties now moves that the proceeding be re-referred to a referee to take testimony with respect to evidence allegedly

recently uncovered in Germany. This motion is opposed upon the ground that the proffered new evidence is not of such a nature as to warrant such course and further that '' Unless a referee's report, excepting on a reference to hear and determine, is passed upon and confirmed, approved, modified or rejected by a surrogate within ninety days after it has been submitted to him, it shall be deemed to have been confirmed as of course and a decree to that effect may be entered by any party interested in the proceeding upon two days' notice.'' (Surrogate's Ct. Act, § 66.)

I believe the additional evidence should be considered by the Referee provided I have the power to refer the matter back to him, even though more than ninety days have elapsed since his report was filed. The effect of the newly discovered evidence if received and believed will probably change the result arrived at by the Referee.

Fifty-two years ago, the Court of Appeals, in *Matter of Clark* (168 N. Y. 427, 431) which involved '' the construction or proper interpretation of section 2546 of the Code of Civil Procedure '', from which section 66 of the Surrogate's Court Act was derived, held (p. 438) that '' the acts, conduct and silence of the respondent constituted a waiver of any right he may have possessed to require the entry of a decree as of course confirming the report of the referee.''

The respondent could, if he saw fit, upon two days' notice, have presented a decree for entry. '' But as under this section no decree confirming the report can be entered except upon two days' notice, we think until that notice is given and a decree entered in pursuance of it the proceedings remain open and undetermined.'' (*Matter of Clark,* 168 N. Y. 427, 434, *supra; Matter of Hoffman,* 136 App. Div. 516; 1 Warren's Heaton on Surrogates' Courts, § 106, subd. 9, par. [d].)

Therefore, I hold that even though ninety days have passed since the Referee's report was filed, the failure of respondent to proceed upon two days' notice for entry of a decree in pursuance of the report has resulted in the proceeding remaining open and undetermined.

The motion is granted and an order may be submitted accordingly on notice.